UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

GRANT BOYD,                          )
                                     )
          Plaintiff,                 )
                                     )          CIVIL ACTION
v.                                   )          NO.
                                     )
MIKE AUSTIN,                         )
Plymouth County Sheriff's Department, et al., )
                                     )
          Defendants.                )
                                     )

## NOTICE OF REMOVAL

MAGISTRATE JUDGE _____

The Defendant, United States Marshals Service, by and through its attorney,

Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby

gives notice pursuant to 28 U.S.C. § 1446(a) of its removal of this lawsuit to the United

States District Court for the District of Massachusetts.

Removal of this action is proper pursuant to 28 U.S.C. § 1441(a)[1].

The defendant has attached copies of all state court pleadings received to date to

this Notice. The defendant is not aware of any other Notice of Removal of this action.

---

[1]     Section 1441(a) states (in relevant part): "any civil action brought in a State
court of which the district courts of the United States have original jurisdiction, may be
removed by the defendant."

WHEREFORE, the defendant request that this action be entered upon the docket of this Court and, upon filing a copy of this Notice with the Clerk of the Plymouth County Superior Court, that the Superior Court shall proceed no further.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

_____
Eugenia M. Carris
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3282

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I gave notice of the filing of the foregoing by mailing a copy of same, postage prepaid, first-class mail on this 28th day of April, 2005 to:

Grant Boyd, pro se,
    P. O. Box 180278, Boston, MA 02118-0278

Plymouth County Sheriff's Department Headquarters,
    24 Long Pond Road, Plymouth, MA 02360

Commonwealth of Massachusetts, Department of Correction Headquarters,
    50 Maple Street, Suite 3, Milford, MA 01757.

_____
Eugenia M. Carris

Dated: April 28, 2005

2

Commonwealth of Massachusetts

Plymouth County, SS

Superior Court

Docket No. PLCV2005-00310

Boyd Plaintiff

V.

Mikie Aushn, John Doe(1),
Cathy Lynch, Thomas Hannon,
John Doe(2), Michael Neri, Brian Gillen,
John Doe(3), Joseph McDonald,
Edward O'Donnell, Rhiane Kohl,
Kathleen Dennehy, John Doc (4)
Anthony Dichio
                    Defendants


Notice to Defendants


You Are Named As A Defendant in the
Above Civil Action. Enclosed you will find

1) Summons
2) 14 Page Complaint Amended 3/29/05
3) Motion For Transfer
4) 3 Page Affidavit in Support of
   Motion to transfer
5) Motion to Seal records

(1 of 2)

PLEASE NOTE the Below ADDRESS AS the
ADDRESS UPON Which to Serve Notes on
the PLAINTIFF.

Respectfully Submitted

3/30/05

Grant Boyd, Pro-se
PO Box 180278
Boston Ma 02118-0278

PLYMOUTH, ss.

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. PLCV 2005-00310-5

Grant Boyd , Plaintiff(s)

Grant Boyd
Po Box 180278
Boston Ma 02118-0278

vs.

Anthony Dichio , Defendant(s)

### SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon Grant Boyd plaintiff attorney, whose address is ~~26 Long Pond Rd, At, Plymouth Ma 0236.0~~ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the .................................................day of

......................................., in the year of our Lord Two thousand and ..................... .

CLERK. Frank R. Fourus

### NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......4/12/05..................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):.........................................................................................

Certified Return Receipt # 7004 2890 0002 0920 6349

..................................................................................................................................................................

Dated: , 200 ......... Grant Boyd Pro se

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

U.S. MARSHALS SER. ICE

05 APR 11 PM 2: 17

RECEIVED
GENERAL COUNSEL

| 200 |

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

PLYMOUTH, ss.

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

Grant Boyo ........., Plaintiff(s)

vs.

John Doe (4) ............., Defendant(s)

PLCV2005-00310 - B

Grant Boyo
PO Box 180278
Boston ma 02118-0278

### SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon Grant Boyo ........... plaintiff attorney, whose address is 267 way Road PO A, Plymouth MA 02364 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...................................................day of

..................................................., in the year of our Lord Two thousand and ..................... .

CLERK. Francis R. Powers

### NOTES
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.  To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS
I hereby certify and return that on ...........11-2-05............., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):..........................................................................................

CECTIFIED Return Receipt # 7004289200020970 6356 Mailed to
GENERAL Counsel - US Marshals Svc    CS-3 12th Flor, Washington

Dated: ................, 200 .............................................    grant Boyd pro se

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

200

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

Commonwealth of Massachusetts

Plymouth County, S.S.                              Superior Court Department
                                                  Docket PLCV2005-00310

Grant Boyd
        Plaintiff

V.

Mike Austin, John Doe(1),
Cathy Lynch, Thomas Hannon,
John Doe(3), Joseph McDonald,
John Doe(2), Michael Neri,
Brian Gillen, Edward O'Donnell
Rhiane Kohl, Kathleen Dennehy,
John Doe(4), Anthony Dichio
            Defendants

Complaint

1) Plaintiff Grant Boyd, a resident of Boston,
   Suffolk County Commonwealth of Massachusetts
   And was housed at Plymouth County Correctional
   From 1/3/05 through 3/22/05

2) The Defendants Listed in item 2 are all
   Employed by Plymouth County Sheriff Department
      a) Mike Austin
      b) John Doe (1) known as Richard Cardinal
      c) Cathy Lynch

2) Cont.

    d) Thomas Hannon

    e) John Doe(2)  ADS Classification

    F) Michael Neri

    g) Brian Gillen

    h) John Doe(3) Known as mr moniz

    I) Joseph McDonald

Plymouth County, Commonwealth of Massachusetts

3) The Following Defendants Are All Employed by the Commonwealth of Massachusetts, Department of Corrections

    a) Edward O'Donnell Works in Bridgewater Massachusetts

    b) Rhiana Kohl Works in West Concord Massachusetts

    c) Kathleen Dennehy Works in Milford Massachusetts

4) The Following Defendants Are All Employed by The Uninted States Government, US Marshals Service.

    a) John Doe(4) address unknown

    b) Anthony Dichio Works in Boston Massachusetts

FACTS

5) PLAINTIFF WAS ADMITTED to Plymouth County Correctional (PCCF) ON JANUARY 3, 2005 And PLACED into Administrative Segregation.

6) Met with Mike Austin, CASE Worker ASSIGNED to Work with A-1 the Protective Custody (PC) Unit ON JANUARY 6, 2005 And PLAINTIFF WAS Assigned to PC Unit. PLAINTIFF WAS told He had No Choice.

7) PCCF inMATE Handbook STATES refusing a housing ASSIGNMENT is A Major Disiplinary OFFENCE.

8) Requested ACCESS to the Law Library JANUARY 10, 2005, Mike Austin SAID I WAS Not Allowed to go bASED oN My CLASSIFICATION to P.C.

9) MADE My First Written Request to meet with the Attorney From INMATE Legal SERVICES, Thomas Hannon. A Reply WAS NEVER Received. This occured JANUARY 10, 2005.

10) From January 10, 2005 through March 21, 2005 I made 5 Requests to see Thomas Hannon. No Reply was Received

11) Over the past 60 days I have made 6 written requests to Access the Law Library on Request slips, Grievance Forms, or in letters to Brian Gillen. The only Two (2) replies I received were in March both Denied my Access request stating my Classification in P.C. was the Reason I Could not go "Security." Replies were from Captain Cardinal and Michael Neri

12) After Mike Austin denied my request to Access the Library on January 10, 2005 he informed me to write a Request slip to Legal Services and they will process my request and Send Materials Down within Two Days.

13) On January 14, 2005 I told Mike Austin that there were no Legal Materials on Block (A-1) From where to Start my Research, he told me to Start with A "Statute" and made A Request to Legal Services to Send me "Busted by the FEDS." I Now know why the "Exact-Cite" System was Condemned by the Supreme Court in 1977. Even Persons trained in the Law can not

(4 of 14)

Prepare for a case using only the "Exact-Cite" System.

14) Being forced to use An Access System that provided No meaningfull Access was difficult! Cathy Lynch and/or Assistants in legal Services on 16 occasions refused to send me a specific Case Cite stating only "Too Many Pages" and no case! On 23 occasions my request came Back with "Check Cite" how? These responses to my requests, causes a Total Breakdown in the only System of Access I have, in effect Barring Any Access at all.

15) PCCF Policy allows only "5inches" of legal Material per inmate. A Totally inadequate Amount for Any meaningful ~~Access~~ research if you are only provided paper copies and no Computer Access.

16) When I Followed Policy and Discarded Materials, I was denied from requesting them Again from Legal Services.

17) According to PCCF Policy, General Population inmates, Not Housed in P.C., have Access to Legal

(5 of 14)

Services: Facilities, Law Library, Attorney and Staff, Computers and books, as well as Computers and Equipment in the PCCF Education room. However, P.C. inmates have no access to any of the above, outside of the "Exact-Cite system." This violates Federal and State laws, as well as PCCF Policies.

18. My Access to the Law Library and Legal Services was denied by my Classification to P.C. Protective Custody is so restrictive on inmates housed and Classified there the State set Policies to Protect the Due Process rights of Any inmate assigned to P.C. The 103CMR in §926.03(4) and PCCF Policy No. 421 §6(A) both require a "review of each inmate assigned to P.C. every 7 Days for the First two (2) Months and at least every thirty (30) days thereafter."

19. According to Mike Austin in a March 10, 2005 Conversation "Review Meetings Are Not Conducted" We Were Discussing those Meetings discuss defined in item 18.

(6 of 14)

20)  On March 11, 2005 Mike Austin provided me a "complete" copy of "everything" in my case file, which confirms us meetings took place regarding my classification AFTER the first in early January. My file was sealed and witnessed AFTER I received it from Mike Austin.

21)  On March 22, 2005 AT 4 AM the DEFENDANTS MOVED ME to A Level 6 Max Security isolation cell at Walpole without access to my lawyer and denied my HIV medication. I remained there for 3 nights in a ~~cell~~ 105 Degree cell. 10 Days later I ~~can't~~ still can't call my lawyer for my main criminal case. This move took place just 13 hours AFTER Sheriff McDonald would have received my presettlement letter, that he was sent.

22)  I have ~~exa~~ exhausted every grievance procedure provided to PCCF inmates, as outlined in the inmate handbook. I added steps above what is outlined and sent letters ~~and~~ to Brian Gillen and Joseph McDonald detailing the violations citing policy & AND laws to back up my claims, no relief was provided.

(7 of 14)

# CLAIMS FOR RELIEF

23) Each Defendant is being sued in their individual capacity for acting under color of State, where through direct and/or indirect actions and/or inactions, negligence and/or omissions of the duties of their office, allowed violations of State and Federal laws, the Policy and Procedures mandated under the Massachusetts Code of Regulations and/or Plymouth County Sheriff's Department directives to occure against the Plaintiff who, they had Accepted Custody of and Care for from the U.S. Federal Court, Furthermore because a State can not avoid its obligations under the law by contracting with third parties to house inmates and where Defendants had direct Supervisory control over Subordinates, control over annual reviews and Facility accreditation and Significant control over funding., the Defendants had the Authority to Stop and therefor Shall be held responsible for the Violations that occured.

24) By accepting their respective office the Defendants agreed to fullfill all the obligations and responsibilities as mandated manditated under law, regulations and Policy for their respective office and each had

years of experience working under 103 CMR and/or Plymouth County Sheriff's Department policy and procedures, therefor should have had knowledge of what was mandated in their senior administrative roles, additionally the Defendents in item 2 were informed by me in writing that their procedures were in violation of FEDERAL and STATE LAW, and CMR and PCCF policy where I gave them specific cites to back up my claim.

25) I have received TWO judgements against me from TWO different TRIAL courts in the Commonwealth while I have been at Plymouth and have prepared mottons and briefs that have been incomplete, furthermore being in Pre-Trial and not having access to my lawyer while at Walpole, att Agravate to the Defendants violations of my rights under LAW and policy.

26) It is for the above reasons I ask the Court to consider the following judgements against the the Defendants.

Demand For Immediate Relief

27) I move the Court to immediately order the Defendants to fight this claim using

(9 of 14)

a Person not trained in the law, who does not get Assistance from Persons trained in the law and who can only Prepare by using the "Exact-Cite" System Found in Practice At PCCF Unit A-1, Protective Custody. If it is AS Meaningful And adeq Adequate As they will claim let them use it.

28) I move the court to require PCCF to immediately institute a Schedule that Allows P.C. inmates equal Access to the law Library And educational Equipment for legal use; And/or Provide a Complete list of All Library Holdings Available for review in Unit A-1 and Two Computers in Unit A-1 to Allow P.C. inmates access to West Law holdings And Prepare legal Documents.

29) Recommend to the Department of Justice an immediate investigation under 42 U.S.C. § 14141 into official misconduct leading to violations of Plaintiff's rights And those of All PCCF P.C. inmates.

30) Require the Department of Corrections and U.S. Marshals Service to Conduct An unannounced Compliance review to include include interviews with each PC inmate by A Committee Which

(10 of 14)

Must include at least one Medical Doctor or Nurse Practioner and a Psychiatric Professional.

31) Require PCCF to hire for Two (2) Months an Attorney Skilled in Criminal defence research and I.U.S. regulations to work with P.C. inmates to overcome injuries agrovated by the Defendants.

32) If the Plaintiff is Still waiting trail, to require the U.S. Marshals Service to Transfer to Dedham Jail the Plaintiff Upon the termination of this case.

## AWARD Compensatory Damages

33) $ 20,000 Jointly and ~~Ser~~ Severally against the defendants listed in ITEMS 2 through 4.

## PUNITIVE DAMAGES DEMANDED

34) $ 100,000 Against Defendant Mike Austin for Violations of My 14th Amendment due Process rights, CMR AND PCCF Policy As Claimed in item 18 and 19.

(16 of 19)

35  $ 500,000 AgAinst EACh DEFENDANTS CAthy Lynch
AND Thomas HANNON for being responsible
for Legal Services and Willfully failing to
Provide those Services that mandated UNDEr
Plymath County Sheriffs DEPARTMENT Policy in systemance
Violation of the CMR, State Law AND PlAintiffs
Constutionally protected right to Access
the Courts as ClAimed in items 9, 10, 11,
12, 13, 14, 16 AND 17

36  $ 500,000 AgAinst EACh DEFENDANT Listed
in item 2 (b)(e)(F)(g) and (h) through DirEct actions
and/or inactions, negliance and/or omissions did
knowingly allow the above Violations to occure
and Continue through decisions mADE in their
Supervisory Role With the knowledge that they
WEre Systematically Violating inmate rights
UNDER FEDEral and State Law and/or that
they allowed these Violations to Continue AFTER
receiving CMR, State AND FEDEral regulations
Outlining SPECiFically Where there their
Procedures Were in Violation, furthermore the DeFendants
decisions enforced a Procedure in Violation of
Policy, a Procedure the Supreme Court ruled
" NO REasonAble OFFICial WOULD beliEVE Protected
An inmates Access right" as Charged in
items 8, 9, 10, 11, 13, 14, 15, 17, 18 AND

furthermore their decisions denied Plaintiff due Process as charged in items: 6, 7, 18, 19, 20, and 21 resulting in violations of Plaintiff Rights under Federal and State Law, and CMR and PCCF Policy. Additionally Defendants violated PCCF Policy relating to reprisals and Penalties Against inmates who file Judicial Grievances, whereby violating my 8th Amendment right and Further Aggravating the Access issues under the First, Sixth and For Fourteenth Amendments to the US Constitution.

37) $250,000 Against Joseph McDonald for having Knowledge of the violations and Allowing them to Continue through Negligence and/or Omissions of the Duties of his office where he retained Full responsibility and authority over Policy And Procedures and/or the Actions and/or inactions of Direct Subordinates, thereby making him responsible under Supervisory Liability.

38) $100,000 Against each Defendant Listed in item 3 for being Mandidated Under MGL and CMR to Ensure PCCF Complies with Policy And Procedures Established by Law, and through Negligence and/or Omissions, direct Action And/or inaction Failed to Ensure, As Mandidated

Department of Corrections employees enforce compliance, where the DOC Defendants retained supervisory control over subordinates, control over annual facility reviews and accreditation with significant control over state funding, whereby allowing the above violations to occure.

39) $250,000 against each Defendant listed in item 4 for being charged by a Federal Court to protect and care for Federal Detainees in their care, whereby being responsible for any violations of Federal law committed by a Third Party Vendor who under contract houses and provides services to Detainees, whereby the Defendants retained significant control over funding, contract compliance and annual reviews.

40) The Plaintiff demands additional Judgements against Defendants as the Court Deems Just.

Respectfully Submitted

3/30/05

Grant A. Boyd, Pro-Se
PO Box 180278
Boston MA 02118-0278

(19 of 19)

CommonWEAlth OF MASSACHUSEtTS
CouNty oF Plymouth
The Superior Court

RE: BoyO V. AusTiN et al          CiVil DocKET: PLCV-2005-0031

Motion to transfer PlaintiFF

The PlAinLiFF MOVES the Court to
OrdER The DEFENDANts to TransFEr
PlAiNtiFF Back to Plymouth County
CorrectioNAl FACility, UNit A-1, BuNk
23 from Where he WAs reMOVED iN
ViolAtioN of PCCF Policy No. 470 § 2
Which StAtES " INMATES Seeking Judicial
or AdministrAtiVE redress Will Not be SubjEctED
to reprisAls or PENAlties as A Consequence."

SEE AttAchED AFFidiVAt

Respectfully SubmittED
                    3/30/05
GrANt A. Boyo  A93192
MCI - WAlpole Block 4
PO Box 100
S. WAlpole Ma 02071

AFFIDAVIT For MOTION to TRANSFER DATED
3/30/05, Boyd V. Austin et Al Civil
DOCKET PLCV2005-00310

1) ON Sunday 3/20 PLACED Third Notice IN
Mail to Sheriff JOSEPH McDonald, INTER
OFFICE, INFORMING him This Time I had FILED
A LAW Suit Against him, his Employees
And TWO Plymouth County Sheriff Dept.
Clients, the Department of Corrections
and U.S. MARSHAL SERVICE Employees,
ASKing Sheriff McDonald to meet
With me to Find a Solution other
than Sending Summons And going to
Court. A PreSettlement letter ASking
For A meeting.

2) AT About 9:00 A.M on 3/21 Monday
Major Ramos CAME to Meet with me
regarding a medically ordered Diet
grievence I Filed. AT 11:30 AM
on 3/21 He came back INto the Block
And told me I WAS getting the
Correct Amt. OF Calories.

3) AT 4 AM TUESDAY Morning
3/22 I WAS MOVED From My
BUNK IN ProtectivE Custody
(1 of 3)

to A 105 DEGREE ISolAtion CEll
At WAIPOIE DENiED My REguiED
Hiv mEDiCAtion ANO ACCESS to
My LAWyER. I RemainED IN
ISolAtion For 3 Nights, No ONE
CoulO TEll ME Why I WAS there
No oNE CoulD gEt me out. A
guArD TolD A NurSE " The Deputy
is Controlling his Movement." IT
WAS NOT For I hAD No PhoNE
ACCESS to CAll My LAWyEr
FoR 10 DAyS, I WAS uNABlE
to TEll ANyoNE WhErE I WAS.

4) ON 3/25 SignED INto GeNerAl
PoPlAtion and out of Isolation
to gAiN ACCESS to A PhonE, ThAt
WAS Not going to Work For 6
More DAys. Now INStEAD of
Being SAFE IN PotEctive Custody
At Plymoth I WAS iN
GENErAl PoPulAtion At WAlPolE

5) All This OccurED 13 hours
AFTER ShErif JoSEPh
McDonAlD recENED My PreSEttlemEN

(2 of 3)

Letter.

6) On 2/24 Brian Gillen, Super-intendent at PCCF, gave me a copy of PCCF Policy No. 490 "Legal Rights" in it contained §2 which states "No redress will be subjected to reprisals or penalties."

7) I lost my legal research, access to my attorney, access to my medication and all personal belonging purchased at PCCF. That is excessive penalties and reprisal for filing and following grievance procedures and being forced to seek judicial redress for violations of my rights under Plymouth County policy, STATE and FEDERAL LAWS.

Under pain of perjury I swear the above is true and complete to the best of my memory.

3/29/05

Grant Boyd, Pro-se A93192
PO Box 100
(3 of 3)  S. Walpole, MA 02071

Commonwealth of Massachusetts

Plymouth, s.s.

Superior Court Department
Civil Action no:
PLCV 2005-00310

Boyd
v
Austin et al

Motion For Temporary Restraining Order

Being that INMATE LEGAL SERVICES has ACCESS to ALL CITES USED in PREPARING for this COMPLAINT, I MOVE The COURT to ORDER DEFENDANTS to SEAL All RECORDS relating to SPECIFIC CASE CITES.

Respectfully Submitted

3/30/05

Grant Boyd, Pro-SE
PO Box 180278
Boston ma 02118-0278

# Commonwealth of Massachusetts
## SUPERIOR COURT
## Case Summary
## Civil Docket

## Boyd v Austin et al

Details for Docket: PLCV2005-00310

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | PLCV2005-00310 | **Caption:** | Boyd v Austin et al |
| **Filing Date:** | 03/16/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 03/16/2005 | **Session:** | Civil B - CtRm 1 (Plymouth) |
| **Lead Case:** | NA | **Case Type:** | Standard |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | X | **Discovery:** | |
| **Service Date:** | 06/14/2005 | **Disposition:** | 10/12/2005 |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | 09/12/2005 | **Rule 56:** | |
| **Answer Date:** | 08/13/2005 | **Jury Trial:** | NO |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | PLCV2005-00310 | **Caption:** | Boyd v Austin et al |
| **Filing Date:** | 03/16/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 03/16/2005 | **Session:** | Civil B - CtRm 1 (Plymouth) |
| **Lead Case:** | NA | **Case Type:** | Miscellaneous |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | X | **Discovery:** | |
| **Service Date:** | 06/14/2005 | **Disposition:** | 10/12/2005 |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | 09/12/2005 | **Rule 56:** | |
| **Answer Date:** | 08/13/2005 | **Jury Trial:** | NO |

## Parties Involved

15 Parties Involved in Docket: PLCV2005-00310

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Austin | **First Name:** | Mike |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |

| | | |
|---|---|---|
| **Zip Code:** | | **Zip Ext:** |
| **Telephone:** | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Dennehy | **First Name:** | Kathleen |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Dichio | **First Name:** | Anthony |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Doe #1 | **First Name:** | John |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Doe #2 | **First Name:** | John |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Doe #3 | **First Name:** | John |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| Party Involved: | | Role: | Defendant |
|---|---|---|---|
| Last Name: | Doe #4 | First Name: | John |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
|---|---|---|---|
| Last Name: | Doe #5 | First Name: | John |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
|---|---|---|---|
| Last Name: | Gillen | First Name: | Brian |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
|---|---|---|---|
| Last Name: | Kohl | First Name: | Rhiana |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
|---|---|---|---|
| Last Name: | Lynch | First Name: | Cathy |
| Address: | | Address: | |
| City: | | State: | |
| Zip Code: | | Zip Ext: | |
| Telephone: | | | |

| Party Involved: | | Role: | Defendant |
|---|---|---|---|
| Last Name: | MacDonald | First Name: | Joseph |

| | | | |
|---|---|---|---|
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Neri | **First Name:** | Michael |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | O'Donnell | **First Name:** | Edward |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Boyd | **First Name:** | Grant |
| **Address:** | P.O. 180278 | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02118 | **Zip Ext:** | 0278 |
| **Telephone:** | | | |

## Attorneys Involved

No Attorneys found for Docket: PLCV2005-00310.

There are currently no attorneys associated with this case.

## Calendar Events

No Calendar Events found for Docket: PLCV2005-00310.

There are currently no calendar events associated with this case.

## Full Docket Entries

31 Docket Entries for Docket: PLCV2005-00310

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 03/16/2005 | 1 | Complaint & civil action cover sheet filed |
| 03/16/2005 | | Origin 1, Type E99, Track X. |
| 03/16/2005 | | Administrative Directive 92-1, 14 summons, affidavit of indigency |
| 03/16/2005 | | mailed to pltff |
| 03/16/2005 | 2 | Pltff Grant Boyd's MOTION for the court to deduct all fees from |
| 03/16/2005 | 2 | inmate account |
| 03/16/2005 | 3 | Pltff Grant Boyd's MOTION for service by regular first class mail |
| 03/21/2005 | 4 | Affidavit of Indigency |
| 03/21/2005 | 5 | Pltff Grant Boyd's MOTION to compel deft Joseph MacDonald to produce |
| 03/21/2005 | 5 | names |
| 03/21/2005 | 6 | Pltff Grant Boyd's MOTION to compel U.S. Marshals Service to produce |
| 03/21/2005 | 6 | name and title of John Doe #5 |
| 03/21/2005 | 7 | Pltff Grant Boyd's MOTION to compel deft Joseph MacDonald to produce |
| 03/21/2005 | 7 | information |
| 03/24/2005 | 8 | MOTION (P#5) No action pending service of complaint by plaintiff upon |
| 03/24/2005 | 8 | defendants (Thomas A. Connors, Justice). Notices mailed March 24, 2005 |
| 03/24/2005 | 9 | MOTION (P#6) No action pending service of complaint by plaintiff upon |
| 03/24/2005 | 9 | defendants (Thomas A. Connors, Justice). Notices mailed March 24, 2005 |
| 03/24/2005 | 10 | MOTION (P#7) No action pending service of complaint by plaintiff upon |
| 03/24/2005 | 10 | defendants (Thomas A. Connors, Justice). Notices mailed March 24, 2005 |
| 03/24/2005 | 11 | Notice of Waiver of Court costs and Request for Payment to be |
| 03/24/2005 | 11 | withdrawn from plaintiff's account pursuant to M G L c 261, s. 19 the |
| 03/24/2005 | 11 | plaintiff is incapable of paying the filing fee and may proceed in |
| 03/24/2005 | 11 | forma pauperis (Thomas A. Connors, Justice) Notices mailed March 24, |
| 03/24/2005 | 11 | 2005 |
| 03/28/2005 | 12 | Pltff Grant Boyd's MOTION for relief |
| 03/29/2005 | 13 | MOTION (P#12) No action pending service of complaint by pltff upon |
| 03/29/2005 | 13 | defts (Thomas A. Connors, Justice). Notices mailed March 29, 2005 |
| 04/07/2005 | 14 | Pltff Grant Boyd's MOTION for service by regular 1st class mail |
| 04/07/2005 | 15 | Pltff Grant Boyd's MOTION to transfer pltff back to PCCF |
| 04/07/2005 | 16 | Pltff Grant Boyd's MOTION for Temporary Restraining Order |

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GRANT BOYD

## DEFENDANTS
MIKE AUSTIN, Plymouth County Sheriff's Department, et al.
SEE ATTACHED SHEET

(b) County of Residence of First Listed Plaintiff    **SUFFOLK**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    **PLYMOUTH**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

05-10873RWZ

(c) Attorney'S (Firm Name, Address, and Telephone Number)

pro se - P. O. Box 180278
Boston, MA 02118-0278

Attorneys (If Known)

Eugenia M. Carris, AUSA -
Attorney for Federal Defendant-U.S. Marshals Service
1 Courthouse Way-Suite 9200, Boston, MA 02210
(617) 748-3282

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

1  U.S. Government
   Plaintiff

3  Federal Question
   (U.S. Government Not a Party)

2  U.S. Government
   Defendant

4  Diversity
   (Indicate Citizenship of Parties
   in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | DEF |  | DEF |
|---|---|---|---|
| Citizen of This State | 1  1 | Incorporated or Principal Place of Business In This State | 4  4 |
| Citizen of Another State | 2  2 | Incorporated and Principal Place of Business In Another State | 5  5 |
| Citizen or Subject of a Foreign Country | 3  3 | Foreign Nation | 6  6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane   362 Personal Injury – | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product    Med. Malpractice | 625 Drug Related Seizure | 423 Withdrawal | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability   365 Personal Injury – | of Property 21 USC | 28 USC 157 | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment | 320 Assault, Libel &    Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander   368 Asbestos Personal | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers'    Injury Product | 650 Airline Regs. | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability    Liability | 660 Occupational | 840 Trademark | 810 Selective Service |
| Student Loans (Excl. | 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | 850 Securities/Commodities/ |
| Veterans) | 345 Marine Product   370 Other Fraud | 690 Other | | Exchange |
| 153 Recovery of Overpayment | Liability   371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 875 Customer Challenge |
| of Veteran's Benefits | 350 Motor Vehicle   380 Other Personal | 710 Fair Labor Standards | 861 HIA (1395ff) | 12 USC 3410 |
| 160 Stockholders' Suits | 355 Motor Vehicle    Property Damage | Act | 862 Black Lung (923) | 891 Agricultural Acts |
| 190 Other Contract | Product Liability   385 Property Damage | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 892 Economic Stabilization Act |
| 195 Contract Product Liability | 360 Other Personal Injury    Product Liability | 730 Labor/Mgmt. Reporting | 864 SSID Title XVI | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | & Disclosure Act | 865 RSI (405(g)) | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting   510 Motions to Vacate | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment    Sentence | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff | 900 Appeal of Fee Determination |
| 230 Rent Lease & Ejectment | 443 Housing/    Habeas Corpus: | 791 Empl. Ret. Inc. | or Defendant) | Under Equal Access to |
| 240 Torts to Land | Accommodations   530 General | Security Act | 871 IRS - Third Party | Justice |
| 245 Tort Product Liability | 444 Welfare   535 Death Penalty | | 26 USC 7609 | 950 Constitutionality of State |
| 290 All Other Real Property | 440 Other Civil Rights   540 Mandamus & Other | | | Statutes |
| | 550 Civil Rights | | | 890 Other Statutory Actions |
| | 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

1  Original
   Proceeding

2  Removed from
   State Court

3  Remanded from
   Appellate Court

4  Reinstated or
   Reopened

5  Transferred from
   another district
   (specify)

6  Multidistrict
   Litigation

7  Appeal to
   District
   Judge from
   Magistrate
   Judgement

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 USC 1346; 28 USC 2679(d) - pro se prisoner seeking misc. reliefs re: state/federal policies governing prisons; violations of his civil rights.

## VII. REQUESTED IN    CHECK IF THIS IS A CLASS ACTION
COMPLAINT:    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    Yes    No

## VIII. RELATED CASE(S)    (See instructions):
IF ANY

JUDGE

DOCKET NUMBER

DATE
04-28-2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.

Re: <u>Grant Boyd v. Mike Austin, et al.</u>
Page Two


## State Defendants

Plymouth County Sheriff's Department Headquarters
24 Long Pond Road
Plymouth, MA 02360
      Mike Austin
      John Doe (#1) - known as Richard Cardinal
      Cathy Lynch
      Thomas Hannon
      John Doe (#2)
      Michael Neri
      Brian Gillen
      John Doe (#3)
      Joseph McDonald

Comm of Mass - Department of Correction
Headquarters
50 Maple Street, Suite 3
Milford, MA 01757-3698
      Edward O'Donnell - Bridgewater, MA
      Rhiana Kohl - West Concord, MA
      Kathleen Dennehy - Milford, MA

---

## Federal Defendants:

United States Marshals Service
      John Doe (#4)
      Anthony Dichio - Boston, MA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Grant Boyd v. Mike Austin, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.       5 - 10873 RWZ

   ___   V.     150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                          YES ☐        X NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                          YES ☐        X NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                          YES ☐        NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                          YES ☐        X NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                          YES X        ☐ NO

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
         EASTERN DIVISION X        CENTRAL DIVISION ☐        WESTERN DIVISION ☐

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
         GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
         EASTERN DIVISION        CENTRAL DIVISION ☐        WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____Eugenia M. Carris, Assistant U.S. Attorney_____
ADDRESS __U.S. Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210_____
TELEPHONE NO. __(617) 748-3282_____

(CATEGORY SHEET Pg2.wpd - 11/27/00)