UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT BOYD,<br>               Plaintiff<br>v.<br><br>MIKE AUSTIN, Plymouth<br>County Sheriff's Department, et. al.<br>               Defendants | )<br>)<br>)<br>)<br>)   CA05-10873 RWZ<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO DISMISS

*NOW COME* the Defendants in the above-entitled action and move this Honorable Court to dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

*IN SUPPORT* thereof, the defendants attach a memorandum of law.

                                Respectfully submitted,
                                Plymouth County Defendants
                                By their Attorneys:

                                /s/Isabel Eonas
                                Isabel Eonas, Deputy General Counsel
                                Plymouth County Sheriff's Department
                                24 Long Pond Road
                                Plymouth, MA  02360
                                (508) 830-6278
DATED: June 27, 2005             B.B.O. #639870

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT BOYD,<br>    Plaintiff<br>v.<br><br>MIKE AUSTIN, Plymouth<br>County Sheriff's Department, et. al.<br>    Defendants | CA05-10873 RWZ |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The Plaintiff, Grant Boyd is a defendant in a federal criminal case. He was formally housed at the Plymouth County Correctional Facility, and is presently awaiting trial at MCI Cedar Junction.

The Defendants include Plymouth County Sheriff Joseph McDonald, PCCF Deputy Superintendent Brian Gillen, PCCF Director of Security Anthony Moniz, PCCF Assistant Deputy Superintendent Michael Neri, PCCF Captain Richard Cardinal, PCCF Inmate Legal Services Attorney Thomas Hannon, PCCF Inmate Legal Services Paralegal Catherine Lynch, PCCF Case Worker Michael Austin. Defendants are being sued in their official and individual capacities.

The Plaintiff seems to assert 42 U.S.C. § 1983 claims for being deprived of his right to access legal material and for being classified to protective custody. The Plaintiff seeks compensatory and punitive damages as well as specific performance.

The Defendants respectfully file this Motion to Dismiss, or in the alternative, for Summary Judgment, for the reasons set forth below.

2

## FACTS

Upon his placement at the PCCF on January 3, 2005, Plaintiff made a request to the PCCF to be placed in protective custody because he is a former corrections officer. As a result PCCF immediately classified him to Segregation pending an interview with assigned case worker Michael Austin which took place on January 6, 2005. (See Michael Austin affidavit attached as Exhibit 1). In this interview Michael Austin determined that Plaintiff was a former Essex County corrections officer with concerns for his safety in general population. Id. Based on this, the PCCF placed plaintiff in protective custody. However, during his first week in protective custody, plaintiff complained to the PCCF that he was not receiving enough law library time. The PCCF instructed plaintiff to contact the legal department to obtain assistance with his research. Cathy Lynch of Inmate Legal Services was assigned to assist plaintiff with his requests. (See Cathy Lynch affidavit attached as Exhibit 2)[1]. Ms. Lynch responded to 30 requests from plaintiff between January 3, 2004, and March 22, 2005. Id. Nevertheless, plaintiff contends that he was denied access to legal materials.

## STANDARD OF REVIEW

Under Rule12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[1] Cathy lynch will be unavailable for signature until July 6, 2005 at which time undersigned counsel will file a signed affidavit.

3

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berrios v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d. 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero-Barceló v. Hernández-Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.* 851 F,.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)).

## ARGUMENT

I. <u>The Plaintiff Has Failed to Exhaust His Administrative Remedies Prior to the Filing of this Action.</u>

The Prison Litigation Reform Act (PLRA) requires administrative exhaustion prior to an inmate's filing of a civil rights lawsuit . . . as long as a grievance tribunal has authority to take some action in response to the inmate's complaint. Civil Rights of Institutionalized Persons Act, § 7(a), as amended, 42 U.S.C.A. § 1997e(a).

In the case at hand the Complaint must be dismissed because the plaintiff inmate failed to exhaust his administrative remedies as required by law. The Plaintiff alleges that he was denied access to the law library and that he was without recourse to challenge his classification to protective custody. The Plaintiff further alleges that his inability to

4

access legal material was a direct result of being placed in protective custody and suggested that this classification was against his wishes. The plaintiff claims to have exhausted his administrative remedies by exhausting every grievance procedure provided to PCCF inmates. While plaintiff filed a grievance alleging he was denied access to the law library, Plaintiff never filed an appeal regarding his classification to protective custody which is the appropriate administrative procedure to challenge classifications pursuant to established PCCF policies.

In *Freytesto v. Laboy* 143 F.Supp.2d 187 (2001), the court held that an inmate was required, under Prison Litigation Reform Act (PLRA), to exhaust administrative remedies prior to filing § 1983 action, even though relief sought, money damages, was not available administratively; PLRA did not contain exception to exhaustion requirements for claims of money damages. 42 U.S.C.A. § 1983; Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

II.  <u>The Plaintiff's Complaint Fails to State an Actionable Claim</u>

A.  **Classification into Protective Custody Does Not Rise to a Constitutional Deprivation.**

Conditions in prison may be restrictive and even harsh without violating constitutional norms. Solitary confinement, under conditions which do not offend contemporary standards of decency, is not per se unconstitutional. *Libby v. Commissioner of Correction*, 432 N.E.2d 486 (1982). The Plaintiff establishes no constitutional violations.

The Plaintiff asserts that when PCCF officials classified him to protective custody shortly following his arrival on January 3, 2005 he was powerless to challenge the

5

classification. However, Plaintiff neglects to mention in his complaint that this classification was at his own request.

Plaintiff met with PCCF Case Worker Michael Austin on January 6, 2005 and expressed concern regarding his placement in general population. Plaintiff explained that he was a former Correctional Officer and requested protective custody. Based on the information provided by the Plaintiff, he was placed in protective custody until his transfer on March 22, 2005. (See Austin affidavit). Plaintiff's classification status was periodically reviewed pursuant to PCCF Policy.

Plymouth County Correctional Facility's *Policy 420 – Classification*, sets out a written plan for inmate classification. The Policy establishes that inmates in need of protection from other inmates will be housed separately from inmates in the general population in a living area operated in accordance with suitable security procedures.

If placed in protective custody, Pursuant to *Policy 421 – Special Management Inmates*, the inmate's housing status shall be reviewed within three (3) working days by the classification, disciplinary or other appropriate authority to ensure such time in detention is not punitive, is for the safety of the inmate or the security of the facility and that care is exercised that the inmate remains in segregation no longer than necessary. When the Inmate is in segregation, a committee must review his status every seven days for the first two months and at least every thirty days thereafter. The Policy does not allow for the inmate to be present at any review hearing nor does it afford the inmate any due process rights to present evidence or cross examine witnesses or be represented by counsel in this process. The Policy does on the other hand afford any inmate classified to segregation the right to appeal the classification decision.

Based on the information provided to case worker Michael Austin by Plaintiff, Plymouth County Correctional Facility's decision to classify the Plaintiff to Unit A-1 Protective Custody under the circumstances was prudent, responsible and consistent with policy.

**B.  Plaintiff Failed to Establish any Constitutional Violations to Access The Courts.**

In asserting his claim the Plaintiff basically describes an access to the courts deprivation. As the Supreme Court suggested in *Lewis v. Casey* 518 U.S. 343 (1996), an inmate cannot establish relevant actual injury simply by establishing the prison's legal program is sub par in some theoretical sense. While meaningful access to the courts is the touchstone of the constitutional right of access to the courts, the states are not required to guarantee inmates the wherewithal to transform themselves into litigation engines, the legal tools the constitutional rights require to be provided are those that inmates need in order to attack their sentence, directly or collaterally, and in order to challenge the condition of their confinement.

The Court in *Casey*, went on to address inmates in administrative segregation noting that so long as the delay in providing legal materials or legal assistance to lockdown prisoners was a product of the prison regulations reasonably related to legitimate penological interests, delays of up to 16 days did not violate constitutional right of access to the courts, even if they resulted in actual injury.

In the case at hand, the Plaintiff, made thirty (30) requests for various case law, statutes, forms, as well as policies and procedures during his time at PCCF. The procedure to access legal material involved Plaintiff completing an inmate request form and provided it to Inmate Legal Services Paralegal Cathy Lynch. Cathy Lynch responded

to each of Plaintiff's thirty (30) requests by providing him with the requested documents pursuant to PCCF Policy. (See Lynch affidavit).

Furthermore, Plaintiff does not establish any actual injury as a result of any alleged inability to access legal material during his time at PCCF. Plaintiff's complaint simply states that during his seventy eight (78) days at PCCF he received two judgments against him. However, Plaintiff does not outline what those judgments were and does not establish or even suggest that he was unable to challenge his sentence or conditions of confinement during this time or that he lost any such challenge because he could not access legal material while at PCCF. In fact since Plaintiff was in constant contact with Inmate Legal Services while at PCCF and received requested documents thirty (30) times during his seventy eight (78) day stay, it would seem that he received ample opportunity to make any such legal challenges.

### C.   Limitation of Quantity of Legal Materials in Plaintiff's Prison Cell Does Not Rise to a Constitutional Deprivation.

Plymouth County Correctional Facility's written policies are consistent with Code of Mass. Regulations, Dept. of Public Health, and Fire and Life Safety Codes in providing a safe, clean and secure facility. Plymouth County Correctional Facility staff makes daily inspections to assure the safety of its prisoners.

Plymouth County Correctional Facility Policy 403 – *Inmate Property* allows inmates to possess five (5) inches of legal materials in their cell. Legal paperwork in excess of 5" is considered contraband and is removed from inmate cells. The "five inch rule" applies to all inmates at PCCF, is uniformly enforced, and is flexible to

8

accommodate the needs of specific detainees or prisoners who require more for the presentation of their individual cases.

**D.   No *Respondeat Superior* Liability.**

Defendants McDonald, Gillen, Moniz, Cardinal and Neri are only named as employees of the Plymouth County Sheriff's Department. There is no statement or claim that any discretionary decisions they may have made were in any way unlawful.

The U.S. Supreme Court has held the doctrine of respondeat superior is inapplicable to actions for damages under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453. Therefore all claims against superior officials must be dismissed.

## CONCLUSION

The Defendants respectfully ask this Honorable Court to dismiss the Complaint as failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as the plaintiff relies on false hypotheses, the defendants acted lawfully and are as a matter of law entitled to dismissal or summary judgment.

> Respectfully submitted,
> Plymouth County Defendants
> By their Attorneys:
>
> /s/ Isabel Eonas
> Isabel Eonas, Deputy General Counsel
> Plymouth County Sheriff's Department
> 24 Long Pond Road
> Plymouth, MA  02360
> (508) 830-6287
> B.B.O. #634980

DATED: June 27, 2005

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS
PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 C.A. 05-10873-RWZ

|  |  |
|---|---|
| Grant Boyd,        Plaintiff | ) |
| v. | ) |
| Mike Austin, Richard Cardinal, Cathy Lynch, Thomas Hannon, Michael Neri, Brian Gillen, Joseph McDonald, Edward O'Donnell, Rhiane Kohl, Kathleen Dennehy, and Anthony Dichio,           Defendants | ) |

## AFFIDAVIT

I, Michael Austin, Caseworker at Plymouth County Correctional Facility, do hereby depose and state the following:

1. I am a Caseworker at the Plymouth County Correctional Facility;

2. That on January 6, 2005 I was asked to conduct an interview of Inmate Grant Boyd;

3. That during my interview with Inmate Grant Boyd on January 6, 2005, I determined that Grant Boyd was a former Essex County Correction Officer who was concerned for his safety in general population and as a result requested segregation;

4. That in addressing safety concerns of Inmate Grant Boyd, I determined that Mr. Boyd should be classified to Unit A-1 Protective Custody.

Signed under the pains and penalties of perjury, this 24TH day of June, 2005.

_/s/ Michael Austin_
Michael Austin - Caseworker

# EXHIBIT 2

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 C.A. 05-10873 RWZ

|  |  |
|---|---|
| Grant Boyd,            Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| Mike Austin, Richard Cardinal, Cathy Lynch, Thomas Hannon, Michael Neri, Brian Gillen, Joseph McDonald, Edward O'Donnell, Rhiane Kohl, Kathleen Dennehy, and Anthony Dichio, | ) |
|                        Defendants | ) |

## AFFIDAVIT

I, Cathy Lynch, Paralegal in Inmate Legal Services, do hereby depose and state the following:

1. Inmates at Plymouth County Correctional Facility are entitled to access our services in Inmate Legal Services via Inmate Request Slips, in which they list case cites and request printed cases, or they may request other informational materials for their personal use or knowledge;

2. Inmate Legal Services provides copies of legal materials as requested by the inmates on said Inmate Request Slips;

3. Inmate Legal Services maintains a Daily Log that is kept in order to keep track of the services provided to the approximately 1,600 inmates that we service on a daily basis;

4. Inmate Legal Services provided services to Inmate Grant Boyd from the time period of January 3, 2005 (date he was booked in to the facility) through March 22, 2005 (date he was transferred out of the facility). Below is a chronological list of services provided to Inmate Grant Boyd. For clarification, "case law" means we responded to the inmate's request to print out a specific case cite; the term "copies" means that the inmate has been provided with Xerox copies of the materials requested. Inmates

may also request specific statutes (both federal and state) or Policies and Procedures for this institution, or supplies such as envelopes or certified mail receipts:

- January 14, 2005    case law
- January 18, 2005    case law (2 request slips)
- January 20, 2005    case law
- January 25, 2005    case law
- January 27, 2005    case law
- January 28, 2005    case law
- February 1, 2005    case law (3 request slips)
- February 2, 2005    case law
- February 3, 2005    case law
- February 7, 2005    copies and case law
- February 9, 2005    case law
- February 10, 2005   case law
- February 11, 2005   case law (2 request slips)
- February 15, 2005   copies and case law
- February 16, 2005   copies
- February 17, 2005   case law
- February 23, 2005   case law (2 request slips)
- February 24, 2005   case law
- February 25, 2005   case law
- February 28, 2005   case law

- March 2, 2005    case law (3 request slips)
- March 3, 2005    case law
- March 4, 2005    various Policies & Procedures; Revocation of Power of Attorney Form
- March 7, 2005    case law
- March 9, 2005    Federal Civil Rules; Federal Local Rules; Various USCA's
- March 10, 2005   MGL c. 127 Index
- March 11, 2005   Sent 4 certified mail forms and 4 copies of Legal letter
- March 14, 2005   copies
- March 18, 2005   copies
- March 21, 2005   case law

Signed under the pains and penalties of perjury, this ___ day of June, 2005.

_____
Cathy Lynch – Paralegal
Inmate Legal Services

## CERTIFICATE OF SERVICE

I, Isabel Eonas, certify that on this 27th day of June, 2005 I served the within Defendants' Motion to Dismiss together with Memorandum in Support, by mailing postage prepaid to:


Grant Boyd, pro se,
MCI-Walpole-Block 4, P.O. Box 100, S. Walpole, MA 02071.


U.S. Department of Justice,
Eugenia M. Carris
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way – Suite 9200
Boston MA 02210


Signed under the pains and penalties of perjury,


/s/Isabel Eonas
Isabel Eonas
Deputy General Counsel
Plymouth County Sheriff's Department