UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT BOYD,            )<br>        Plaintiff,    )<br>                              )<br>    v.                        )<br>                              )<br>MIKE AUSTIN,          )<br>Plymouth County Sheriff's Department, et al.,  )<br>        Defendants.  ) | Civil Action<br>No. 05-10873-RWZ |

**DEFENDANT UNITED STATES MARSHAL'S SERVICE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR INJUNCTION**

In his recent motion, plaintiff seeks injunctive relief to prevent the United States Marshal's Service ("USMS") or its "Thrid [sic] Party Contractors" from opening his legal mail outside of his presence. See Docket #39. He implies that the USMS or its contractors have been opening the plaintiff's mail but fails to allege any allegations whatever that the USMS has arbitrarily or capriciously interfered with his mail. Because plaintiff has set forth no facts which support his claim against the USMS, and for the reasons set forth more fully in the government's Motion to Dismiss this action, the government opposes plaintiff's motion.

**FACTUAL BACKGROUND**

Plaintiff alleges the Department of Correction (DOC) committed violations regarding his legal mail while he was in USMS custody at the Massachusetts Correctional Institution Cedar Junction ("Cedar Junction"). Plaintiff's motion lacks any allegations specific to the USMS, yet he seeks an injunction that prohibits the USMS from opening his "legal mail out of the Plaintiffs [sic] presence, from interfering with or hindering any lawful communications with Plaintiff's lawyers, the courts or any governmental officer or agency unless authorized by the Court."

The plaintiff's affidavit lists some occurrences when he ran out of funds while at Cedar Junction. Boyd Affidavit ¶¶2-4. When plaintiff had insufficient funds, the mail room at Cedar Junction would not process his mail. Id. The plaintiff complained to the DOC and received a letter from the Assistant Deputy Commissioner informing the plaintiff that he was not considered "indigent for mailing purposes." See May 3, 2005 Letter from Timothy Hall to Grant Boyd at ¶3 (attached as Exhibit D to plaintiff's motion). Nothing in plaintiff's pleadings indicate that the USMS has had anything to do with plaintiff's legal mail.

## ARGUMENT

As set forth more fully in the government's Motion to Dismiss,[1] plaintiff does not state a cognizable claim against the USMS. The USMS contracts with local jails to house inmates and is not responsible for the day-to-day operations of those facilities. Logue v. United States, 412 U.S. 521, 530 (1973). Plaintiff does not state any facts which rise to the level of a constitutional violation and therefore, does not state a claim against the USMS. See Jordan v. Doe, 38 F.3d 1559, 1564-66 (11th Cir. 1994) (USMS not liable under 8th Amendment for conditions in local jail absent court order finding constitutional violations at local jail).

At best, plaintiff appears to complain that he does not have sufficient funds in his account to process his mail. Of course, the USMS does not interfere with the day-to-day activity at independent institutions with whom it contracts to house inmates in its custody. The opening of mail and access of attorney issues are governed by local jails pursuant to their own policies and any instructions given by a Court relative to plaintiff's detention. As the government has stated

---

[1] The government incorporates the Memorandum in Support of its Motion to Dismiss as if fully set forth herein.

in its Motion to Dismiss, the USMS is not the proper subject of this lawsuit, let alone, this motion.

## CONCLUSION

The plaintiff states no facts which support a claim that will succeed on its merits. His motion for an injunction should be denied.

                                                                Respectfully submitted,

                                                                MICHAEL J. SULLIVAN
                                                               United States Attorney

                                                               /s/Eugenia M. Carris
                                                               Eugenia M. Carris
                                                               Assistant U.S. Attorney
                                                               Office of the U.S. Attorney
                                                               John Joseph Moakley U.S. Courthouse
                                                               1 Courthouse Way - Suite 9200
                                                               Boston, MA 02210
September 2, 2005                                     (617) 748-3282

## CERTIFICATE OF SERVICE

I certify that service of the above has been made by first-class mail September 2, 2005 upon:

Grant Boyd, pro se,
    MCI-Walpole-Block 4, P. O. Box 100, S. Walpole, MA 02071.

Plymouth County Sheriff's Department Headquarters,
    24 Long Pond Road, Plymouth, MA 02360

Commonwealth of Massachusetts, Department of Correction Headquarters,
    50 Maple Street, Suite 3, Milford, MA 01757.

                                                               /s/Eugenia M. Carris
                                                               Eugenia M. Carris