UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10873-RWZ

GRANT BOYD

v.

MIKE AUSTIN, et al.

ORDER

March 3, 2006

ZOBEL, D.J.

This civil rights action by a pro se pretrial detainee has followed a somewhat unusual procedural course. In March 2005, plaintiff Grant Boyd filed suit against various federal and state defendants in state court, challenging the conditions of his pretrial detention pursuant to his federal criminal case, which is still pending. See United States v. Boyd, No. 05-10037 (D. Mass.). The state defendants included both Plymouth County Correctional Facility officials ("PCCF defendants") and Massachusetts Department of Corrections officials ("DOC officials"); the federal defendants were Anthony Dichio, serving as United States Marshal at the time, and John Doe, another U.S. Marshal employee ("USMS defendants").[1] (Docket #10). In April 2005, the state defendants filed an answer. (Id.). Shortly thereafter, the federal defendants removed the case to federal court. (Id.). Following removal, a flurry of docket activity commenced. First, both sets of defendants requested an extension until

---

[1] Plaintiff filed two complaints in state court—an initial complaint on March 16, 2005, followed by an amended complaint on April 7, 2005. To simplify matters, I refer to the latter as his original or first complaint.

June 27, 2005 to respond to plaintiff's complaint. (Docket ##2, 5). Next, plaintiff filed a motion for leave to amend his complaint and attached the proposed amended complaint. (Docket #8). In May 2005, I granted the extensions and ordered plaintiff to show cause by June 6, 2005 as to "why the issues in this case should not be resolved in the criminal case." (Docket #13). Plaintiff never responded.

In the meantime, the DOC defendants realized that they were not named in the proposed amended complaint. They swiftly moved for Rule 54(b) judgment on the basis that the claims against them had been withdrawn. (Docket #11). I granted the motion on June 17, 2005.

On June 27, 2005, the remaining defendants (the PCCF defendants and the USMS defendants) filed motions to dismiss. The USMS defendants' motion clearly addresses both the original and the proposed amended complaint. The PCCF defendants' motion, however, addresses only the original complaint.[2] There are, in addition, a number of other pending motions, all of which I now address:

1.    Motion to Amend (Docket #8)

The motion to amend was implicitly allowed when Rule 54(b) judgment was granted to the DOC defendants based on the fact that they were not named in the proposed amended complaint. The motion is now expressly allowed.

2.    Motion for Preliminary Injunction (#15)

---

[2]For example, the PCCF defendants list as named defendants Richard Cardinal and Anthony Moniz, both of whom are withdrawn in the amended complaint. (PCCF Defs.' Mem. in Supp. of Mot. to Dismiss 2).

Plaintiff seeks an ex parte injunction, which he has alternately styled as a motion to compel. I previously reserved ruling on the motion, noting that the issues raised were not appropriately brought as an ex parte matter and recommending that plaintiff serve his motion on defendants. Plaintiff has failed to take any further action; the motion is accordingly denied.

3.  Motion for Default Judgment as to PCCF Defendants (#27)

Plaintiff moves for a default judgment against the PCCF defendants "for failing to answer [the] complaint within [the allowed time]." Defendants, however, did file an answer in state court, before the case was removed to this court, and under Fed. R. Civ. P. 81(c), "[r]epleading is not necessary unless the court so orders." Furthermore, defendants were allowed until June 27, 2005 to file a "response" to the complaint. (Docket #5). Their motion to dismiss constitutes a responsive pleading and was timely filed. The motion is therefore denied.

4.  Motion for Default Judgment (#30)

This motion is identical to Docket #27, and is accordingly denied as moot.

5.  Defendants' Motions to Dismiss (##19 and 21)

Defendants have moved to dismiss the complaint on several grounds. On a motion to dismiss, I accept as true the facts alleged in the complaint and draw reasonable inferences in plaintiff's favor. Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). Dismissal is appropriate only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir. 1987).

Because plaintiff's motion to amend has only been explicitly granted in this order, defendants would usually be entitled to additional time to amend their responsive pleadings. The USMS defendants, however, expressly addressed both the original and amended complaints in their motion to dismiss. (See USMS Defs.' Mem. in Supp. of Mot. to Dismiss 1 n.1). Their motion is therefore ripe for disposition. As for the PCCF defendants, their motion to dismiss responds only to plaintiff's original complaint, and not his amended complaint. They are therefore entitled to additional time to file a second or amended motion to dismiss. However, to the extent that arguments raised by the PCCF defendants in their currently filed motion squarely address plaintiff's amended complaint, they are considered herein.

A.    Denial of Access to Courts

Plaintiff complains that he was denied access to a law library and legal materials during his stay at PCCF. In essence, he alleges that he was denied his constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Defendants attack plaintiff's claim on numerous grounds, both substantive and procedural; because I find that plaintiff has not sufficiently alleged actual injury, I dismiss the claim on that basis, without considering defendants' other arguments.[3]

The right of access to the courts is "narrow in scope," Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000), and in pleading denial of access to the courts, a plaintiff must also allege actual injury, Lewis v. Casey, 518 U.S. 343, 351 (1996). Claims of denial of

---

[3]This claim was clearly raised in both the original and amended complaints; the PCCF defendants have therefore had ample opportunity to respond and their motion to dismiss, to the extent it addresses this claim, is therefore ripe for disposition.

access to the courts are often premised on denial of access to legal materials or assistance. However, access to legal materials is not an end in itself, but rather "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. Thus, an inmate claiming denial of access to the courts based on lack of access to legal materials must show that the alleged lack of access harmed his ability to pursue a nonfrivolous legal claim. Id. Moreover, there are limits on the types of claims that an inmate may allege to have been frustrated in pursuing:

> The tools [Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355.

Plaintiff's amended complaint asserts that he was unable effectively to combat an eviction action and a separate criminal action, unrelated to his pending federal criminal case. (Am. Compl. ¶ 30). To the extent that plaintiff is claiming that he was hindered in defending against an eviction action, unrelated to his criminal conviction or the conditions of his confinement, any such impairment is not a cognizable injury under Lewis. See 518 U.S. at 355. Furthermore, as to both the eviction case and the criminal case, plaintiff has failed to specify how he was hindered in pursuing claims in those actions; he states simply that he lost. "Being deprived [of] a legal victory for a claim is not synonymous [with] being deprived [of] access to the courts to resolve that claim."

Hoffenberg v. BOP, No. 03-40226, 2004 WL 2203479, at *13 (D. Mass. 2004). Plaintiff's amended complaint thus fails sufficiently to plead actual injury.

Plaintiff asserts harm to other legal claims in his opposition memorandum, but these allegations are likewise insufficient. He claims that defendants "hindered this Civil Action, Commonwealth v. Boyd - East Boston District, [and] U.S. v. Boyd," and that his "briefs were incomplete and inadequate to assist counsel." (Pl.'s Opp. to PCCF Defs.' Mot. to Dismiss 4). The record suggests otherwise. In this case, plaintiff has filed multiple submissions and has amply presented his claims for relief; he has not been deprived of access to this forum. In his pending federal criminal case, plaintiff is represented by court-appointed counsel and gives no indication that his counsel is unable to represent him effectively, thus mooting any claim for lack of access to the court. On the contrary, plaintiff previously withdrew a request for injunctive relief in this case because the issue was being addressed in his federal criminal case. (See Docket #17). In that case, plaintiff has also (1) litigated a motion to suppress, and (2) sought medical treatment, demonstrating that he has had access to the court to challenge both the charges against him and the conditions of his confinement. (See United States v. Boyd, No. 05-10037, Docket ##19-30). In any event, the claimed injury—"incomplete" and "inadequate" briefs—is too vague and broad to be cognizable. Constitutional standards are satisfied as long as prisoners receive "the minimal help necessary" to present legal claims. Lewis, 518 U.S. at 360. Every brief can use some improvement, but "the constitutional right of access to the courts does not extend to enabling prisoners to litigate with maximum effectiveness once in court." Boivin, 225 F.3d at 42.

Because plaintiff has failed sufficiently to allege actual injury, his claim of denial of access to the courts is dismissed with prejudice as to all defendants. Defendants Lynch and Hannon, who are implicated only by this claim, are dismissed from the suit.

B.   Retaliation

Plaintiff's second contention is that defendants retaliated against him for filing a civil suit concerning the alleged denial of access by (1) transferring him to MCI Cedar Junction and placing him in isolation for 3 days at that facility, (2) denying him his medication, (3) denying him access to a telephone to call his attorney, and (4) refusing to send his legal mail.[4] In essence, he alleges that his transfer and subsequent treatment at Walpole constituted retaliation for the exercise of his First Amendment rights. See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). While the outlines of this claim were discernible in plaintiff's original complaint, it has only been clearly alleged in his amended complaint, and the PCCF defendants' motion to dismiss does not address it. They are therefore entitled to additional time to respond to this claim. Accordingly, I consider here only the USMS defendants' motion to dismiss.

While prison officials generally have "extremely broad" discretion to transfer prisoners, a plaintiff may sue where such transfer "was ordered in retaliation for his exercise of [his constitutional right to petition the courts]." Id. At the pleading stage,

---

[4]Plaintiff repeatedly claims that the alleged retaliatory transfer and conditions at Walpole forced him to drop his state civil suit regarding lack of access and to refile the case in federal court. (E.g., Am. Compl. ¶34). Plaintiff is, however, incorrect; the state and federal cases are one and the same. (See Docket #10). Although an attempt was made to withdraw plaintiff's state suit, that attempt was unsuccessful and the suit was eventually removed to federal court. (Id.).

7

prisoners are required to allege little more than "the ultimate fact of retaliation." Id. "[B]ald assertions, devoid of factual explication" may sufficiently state a claim. Ferranti v. Morgan, 618 F.2d 888, 892 (1st Cir. 1980). For example, a plaintiff may simply "aver a chronology of events which may be read as providing some support for an inference of retaliation." McDonald, 610 F.2d at 18. This relatively lenient pleading standard makes sense, particularly in the case of pro se plaintiffs, because a defendant's "retaliatory state of mind typically is not susceptible to proof by direct evidence that can be averred in a complaint." Ferranti, 618 F.2d at 892.

In this case, plaintiff has—like the plaintiffs in McDonald and Ferranti—set out a chronology of events from which an inference of retaliation can be drawn. Plaintiff alleges that he filed a civil action in Plymouth County Superior Court on March 16, 2005, complaining about his lack of access to legal materials at PCCF. (Am. Compl. ¶ 21; Docket # 10). On March 21, 2005, plaintiff wrote to the PCCF Sheriff, notifying him of the suit and asking for a meeting. Later that same day, plaintiff met with Major Ramos concerning a separate grievance. (Am. Compl. ¶¶ 22-23). Less than twenty-four hours later, in the early morning hours of March 22, 2005, plaintiff alleges that he was "transfer[r]ed to Walpole and placed into isolation for 3 days, denied HIV medication and access to call my lawyer for 16 days and was refused the ability to send legal mail." (Id. ¶ 24). Plaintiff has additionally accused prison officials of tampering with his legal mail. (See Docket #39). Such circumstantial evidence has previously been held sufficient to state a claim. See Shabazz v. Cole, 69 F. Supp. 2d 177, 197 (D. Mass. 1999) (citing as adequate circumstantial evidence "a chronology of events which

includes a lawsuit complaining of prison conditions lodged against prison officials coupled with allegations of tampering with legal mail and prohibiting an inmate from bringing papers to his attorneys").

For some reason, the USMS defendants fail to address plaintiff's retaliation claim.  They appear to have confused plaintiff's assertions in his original complaint concerning his placement in protective custody at PCCF, with his assertions in the amended complaint, which concern only his alleged retaliatory transfer <u>from</u> PCCF <u>to</u> Walpole.  (<u>See</u> USMS Defs.' Mem. in Supp. of Mot. to Dismiss 7).  Defendants also misconstrue the nature of plaintiff's claim, characterizing it as a claim of unconstitutional conditions under the Fifth or Eight Amendments.  (<u>Id.</u> at 6).  A retaliation claim may, however, be based on conditions otherwise deemed constitutional.  <u>See, e.g.</u>, <u>Ferranti</u>, 618 F.2d at 892 n.4 ("[A]ctions otherwise supportable lose their legitimacy if designed to punish or deter an exercise of constitutional freedoms." (citing <u>McDonald</u>, 610 F.2d at 18)).  The USMS defendants' motion thus largely fails to make any relevant arguments.

Nevertheless, the complaint suffers from serious deficiencies.  As the USMS defendants correctly note, plaintiff fails to explain precisely how they participated in the alleged unlawful conduct.[5]  (USMS Defs.' Mem. in Supp. of Mot. to Dismiss 4, 5, 7 n.4). Plaintiff claims that the USMS defendants should be held liable for the alleged

---

[5]As defendants point out, no Walpole official or employee is named or even mentioned in the amended complaint, even though some of the alleged retaliatory conduct took place after plaintiff was transferred to Walpole.  (USMS Defs.' Mem. in Supp. of Mot. to Dismiss 7 n.4).

retaliation not because they were personally involved in the transfer or the conditions at Walpole, but rather because they are responsible for the "care and custody of [federal] detainees," and have "significant control over funding [of state prisons with whom they contract], contract compliance and annual reviews." (Id. ¶ 36). In other words, plaintiff maintains that the USMS defendants are liable based on their regulatory relationship to state correctional facilities, rather than any personal involvement in the facts alleged.

However, because plaintiff is suing the USMS defendants under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), his claim is subject to all of the restrictions imposed on Bivens actions.[6] Constitutional tort claims under Bivens may be brought against federal officials in their individual capacity only. See Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 596 (1st Cir. 1982). Liability may only be imposed "upon officials who were involved personally in the deprivation of constitutional rights." Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (applying this principle in § 1983 context). While direct participation is not required, a defendant may only be liable under Bivens if he or she "personally participated," by "act[ing] or fail[ing] to act with a deliberate or reckless disregard of plaintiff's constitutional rights." Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985). As noted by the USMS defendants, plaintiff has nowhere alleged their personal involvement in the alleged retaliation, he has failed to state a claim against them. Accordingly, the USMS defendants' motion to dismiss is granted as to the retaliation claim.

---

[6] Plaintiff has sued all defendants in their individual capacities under 42 U.S.C. § 1983. (Am. Compl. ¶¶ 4, 30). To the extent that he alleges retaliation by federal officials, his claim is properly characterized as a Bivens action.

    C.    <u>Conclusion</u>

The USMS defendants' motion to dismiss (#19) is allowed. The PCCF defendants' motion to dismiss (#21) is allowed as to the lack of access claim, and defendants Lynch and Hannon are dismissed from the suit. As to the retaliation claim, the motion is denied without prejudice, and the remaining PCCF defendants shall file a response no later than March 17, 2006.

6.    <u>Motion for Preliminary Injunction (#39)</u>

Plaintiff has moved for an injunction prohibiting "the United States Marshal's Service or its Th[ir]d Party Contractors" from interfering with his legal mail and legal communications. As to the USMS defendants who have been dismissed from suit, the motion is denied as moot. As to the PCCF defendants, the motion is denied because all alleged interference has occurred at Walpole, not at PCCF, and plaintiff has provided no indication that any of the remaining PCCF defendants—Neri, Gillen, and McDonald—have in any way interfered with his mail or other legal communications.

_____    /s/ Rya W. Zobel_____
    DATE    RYA W. ZOBEL
    UNITED STATES DISTRICT JUDGE