UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GRANT BOYD, <br>          Plaintiff <br><br> v. <br><br> MIKE AUSTIN, Plymouth <br> County Sheriff's Department, et. al. <br>          Defendants | CA05-10873 RWZ |

## DEFENDANTS' SECOND MOTION TO DISMISS

*NOW COME* the Defendants in the above-entitled action and move this Honorable Court to dismiss the Plaintiff's remaining claim of retaliation pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

*IN SUPPORT* thereof, the defendants attach a memorandum of law.

Respectfully submitted,
Plymouth County Defendants
By their Attorneys:

/s/Isabel Eonas
Isabel Eonas, Deputy General Counsel
Plymouth County Sheriff's Department
24 Long Pond Road
Plymouth, MA 02360
(508) 830-6278
DATED: March 15, 2006     B.B.O. #639870

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GRANT BOYD,<br>                    Plaintiff<br>v.<br><br>MIKE AUSTIN, Plymouth<br>County Sheriff's Department, et. al.<br>                    Defendants | )<br>)<br>)<br>)<br>)        CA05-10873 RWZ<br>)<br>)<br>)<br>) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION TO DISMISS

### Facts

The Court allowed Plymouth County Correctional Facility (PCCF) defendants' June 27, 2005 motion to dismiss pertaining to Plaintiff's lack of access claim. As a result, defendants Lynch and Hannon were dismissed from the suit. The Court denied PCCF defendant's motion as to the retaliation claim without prejudice. The remaining PCCF defendants submit this memorandum of law in support of their second motion to dismiss the retaliation claim alleged in the Plaintiff's amended complaint.

The Plaintiff's amended complaint contends that the PCCF defendants retaliated against him for filing a civil suit by transferring him to MCI Cedar Junction. The amended complaint also seems to allege that PCCF defendants retaliated against the Plaintiff following his transfer to MCI Cedar Junction by placing him in isolation for three days, denying him his medication, denying him access to a telephone to call his attorney and preventing him from sending legal mail.

In support of this claim the Plaintiff states that he filed a civil suit against the PCCF for denial of access to legal material on March 16, 2005. (Am, Compl. ¶ 21). That on March 21, 2005, Plaintiff wrote to the PCCF Sheriff, notifying him of the suit and asking for a meeting. The amended complaint further alleges that later that same day, the Plaintiff met with PCCF Major Ramos concerning a separate grievance Plaintiff had filed. (Am, Compl. ¶ 22-23).  The Plaintiff concludes that his transfer and subsequent treatment at MCI Cedar Junction were in retaliation for these events.


**Standard of Review**

Under Rule12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Conley v. Gibson_ , 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); _see also Miranda v. Ponce Fed. Bank_, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor." _Aulson v. Blanchard,_ 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); _see also Berríos v. Bristol Myers Squibb Caribbean Corp.,_ 51 F.Supp.2d. 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." _Romero-Barceló v. Hernández-Agosto,_ 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting _Gooley v. Mobil Oil Corp._ 851 F,.2d 513, 514 (1st Cir.1988)). The

Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)).

### Argument

Plaintiff, in United States marshal Service (USMS) custody, was placed at the PCCF on January 3, 2005 pursuant to a contract to provide for the detention of federal inmates. (See Affidavit of PCCF Director of Security Anthony Moniz, attached at Exhibit #1).

On March 22, 2005, at the request of the USMS and consistent with the terms of the contact for housing federal inmates, the Plaintiff was transported by PCCF transportation officers to the US District Court for a scheduled court appearance. The USMS also notified the PCCF that the Plaintiff was to be transferred to another facility following his court appearance. The PCCF only transported the Plaintiff to the US District Court. The USMS arranged for Plaintiff's subsequent transportation to MCI Cedar Junction. (See Affidavit of PCCF Transportation Supervisor Robert Lawton, attached at Exhibit #2).

Though the Plaintiff argues that the amended complaint sets out a chronology of events from which an inference of retaliation can be drawn, the Plaintiff fails to demonstrate that the PCCF defendants participated in the alleged retaliatory conduct. The Plaintiff's complaint fails to state a claim of retaliation against PCCF defendants as he fails to allege that any PCCF defendant made the decision to transfer him to MCI Cedar Junction, a decision that exceeded the PCCF authority. Furthermore, the alleged retaliatory conduct that followed his transfer from PCCF on March 22, 2005 took place at

4

MCI Cedar Junction[1], not at PCCF.  The amended complaint provides no indication that any PCCF defendant in any way interfered with his classification, his mail or his legal communication while at another facility.

### Conclusion

The Defendants respectfully ask this Honorable Court to dismiss the Complaint as Amended for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Respectfully submitted,
Plymouth County Defendants
By their Attorneys:

/s/ Isabel Eonas
Isabel Eonas, Deputy General Counsel
Plymouth County Sheriff's Department
24 Long Pond Road
Plymouth, MA  02360
(508) 830-6287
B.B.O. #634980

DATED: March 15, 2006

---

[1] MCI Cedar Junction is a Department of Correction State run facility which operates independent of the PCCF.

## EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                              SUPERIOR COURT DEPARTMENT
                                          C.A. 05-10873-RWZ

---

| | | |
|---|---|---|
| Grant Boyd, | Plaintiff | ) |
| | | ) |
| v. | | ) |
| | | ) |
| Mike Austin, et. al. | | ) |
| | Defendants | ) |

---

### AFFIDAVIT

I, Antone Moniz, Director of Security at the Plymouth County Correctional Facility, do hereby depose and state the following:

1. Pursuant to a contract to provide for the detention of federal inmates, the PCCF accepts and provides for the secure custody, care and safekeeping of federal inmates in accordance with state and local laws, standards, policies, procedures or court orders applicable to the operation of the facility;

2. The PCCF provides federal inmates with the same level of medical care and services provided to local prisoners, including the transportation and security for prisoners requiring removal from the facility for emergency services.

3. The PCCF only releases federal prisoners to the agency initially committing them, such as the USMS.

4. The PCCF at the request of the USMS will provide transportation and escort guard services for federal inmates to and from the US Courthouse.

5. The PCCF can not order the transfer of federal inmates to another facility.

6. Pursuant to the contract to provide for the detention of federal inmates, inmate Grant Boyd was placed at PCCF on January 3, 2005 by the USMS in whose custody he was held;

7. The PCCF did not order inmate Grant Boyd's transfer to MCI Cedar Junction on March 22, 2005.

Signed under the pains and penalties of perjury, this 14th day of March, 2006.

_____
Director Antone Moniz

# EXHIBIT 2

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                SUPERIOR COURT DEPARTMENT
                                             C.A. 05-10873-RWZ

```
_____      )
                             )
Grant Boyd,       Plaintiff  )
                             )
v.                           )
                             )
Mike Austin, et. al.         )
                  Defendants )
_____      )
```

## AFFIDAVIT

I, Robert Lawton, Transportation Supervisor at the Plymouth County Correctional Facility, do hereby depose and state the following:

1.    On March 21, 2005, the Transportation Department received a fax of the court list for March 22, 2005. That list ordered the PCCF to transport Grant Boyd to Federal Court on the morning of March 22, 2005.

2.    On that date, inmate Grant Boyd did not return to PCCF custody by order of the USMS.

Signed under the pains and penalties of perjury, this 14th day of March, 2006.

_____      3-14-06
ADS Robert Lawton,
Transportation Supervisor

## CERTIFICATE OF SERVICE

I, Isabel N. Eonas, certify that on this 15th day of March, 2006 I served the within Defendants' Motion to Dismiss together with Memorandum in Support, by mailing postage prepaid to:


Grant Boyd, pro se,
MCI-Walpole-Block 4, P.O. Box 100, S. Walpole, MA 02071.



Signed under the pains and penalties of perjury,



/s/Isabel N. Eonas
Isabel N. Eonas
Deputy General Counsel
Plymouth County Sheriff's Department