UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
GRANT BOYD            )
         Plaintiff    )
                      )
v.                    )
                      )
MIKE AUSTIN, et. al.  )
                      )
         Defendants   )
                      )
```

FILED
IN CLERKS OFFICE

2006 MAR 30  A 11: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.
CA 05-10873-RWZ

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S
OPPOSITION OF DEFENDANTS' SECOND MOTION TO DISMISS

The Plaintiff recognizes the confusion that his many filings may have caused the Court and enclosed is an attempt to make clear his claims and arguements in support of his opposition to PCCF Defendants' Second motion to dismiss.

FACTS

The Plaintiff has claimed that the PCCF Defendants' retaliated against him when they requested, participated in and/or otherwise arranged for the USMS to Transfer the Plaintiff from PCCF in retaliation for the Plaintiff's exercise of his First Amendment right to seek judicial redress and to otherwise grieve the conditions of his confinement at PCCF.

Additionally, the Plaintiff claims that BUT FOR the Defendants' retaliatory action, the Plaintiff would not have been transfered, denied medical treatment, placed in isolation, denied access to his attorney or had his legal mail tampered with. Furthermore, their actions directly resulted in the denial of medical treatment at MCI Cedar Junction because the Defendants failed to send 3-7

days worth of medication and the Plaintiff's medical record, as is required by USMS contract.

Contrary to the Defendants' claim, the Plaintiff had no scheduled court appearance on the day he was transfered. He was moved to US Federal Court and placed into a holding cell untill he was transported to MCI Cedar Junction by DOC Officers. Neither his criminal attorney nor the AUSA prosecuting his case knew of the Plaintiff's transfer or of any alleged court appearance.

ARGUMENT

The Defendants claim that they received a transportation order from the USMS stating that the Plaintiff has a scheduled court appearance and that he would be transfered to another facility. However no court appearance was scheduled and as a result, the USMS has no legitimate reason to transport and transfer the Plaintiff absent a request from the PCCF Defendants. The Court ruled on March 3, 2006 that "while prison officials generally have 'extremely broad' discretion to transfer prisoners, a plaintiff may sue where such transfer 'was ordered in retaliation for his exercise of [his constitutional right to petition the courts].'" (05-10873-RWZ, pg 7 Document 45)

The Defendants fail to offer any legitimate reason that could be supported by the facts that would justify a transfer, especially in light of the chronology of events that led to his transfer on March 22, 2005.

The Court ruled that the Plaintiff has set out a Chronology of events from which an inference of retaliation can be drawn, and that such circumstantial evidence can be sufficient to state a claim and support a claim of retaliation. (05-10873-RWZ, pg 8 Document 45)

## STANDARD OF REVIEW

The Plaintiff feels that he has laid out in the court filings, enough evidence to support a claim of retaliation. However, the Plaintiff asks the court to be liberal in its review and application of the required standards under FED.R.CIV.P and to grant the Plaintiff a leave to fix any fatal flaws and to submit an amended complaint or if a dismissal of the Plaintiff's claim is warranted, the Plaintiff asks the court to dismiss without prejudice. Pro Se litigant's complaint is held to a less strict standard then standards applied to complaints filed by lawyers; thus it is appropriate to dismiss only if it is beyond a doubt that the prisoner-plaintiff can prove no set of facts to support his claim. Akao v. Shimda 832 F.2d 119, cert denied 108 S.CT 1301. See also Sidebothem v. Robinson 216 F.2d 816, 826 (a dismissal without leave of the court should not be granted where there is a possiblity of a good complaint being filed.)

## CONCLUSION

The Court ruled that the Plaintiff has stated a claim of retaliation that is supported by the facts. The PCCF Defendants state that they only transported the Plaintiff upon receiving an order from the USMS, however the USMS had no legitimate reason to

to make such an order or to tranfer the Plaintiff to another facility absent a request from the Defendants at PCCF to remove the Plaintiff from PCCF. The Plaintiff claims that the chronology of events and facts related to the transfer only support the theory that the Defendants had requested or arrainged for the USMS to transfer the Plaintiff out of PCCF in retaliation for the Plaintiffs exercise of his constitutional right to petition the court and to otherwise grieve the conditions of his confinement at PCCF. For all of the above reasons the Plaintiff asks the court to deny the Defendants motion to dismiss.

Respectfully Submitted,

3/28/06

Grant Boyd, Pro Se
PO Box 100
S. Walpole, MA 02071