UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10873-RWZ

GRANT BOYD

v.

MIKE AUSTIN, et al.

MEMORANDUM OF DECISION

July 10, 2006

ZOBEL, D.J.

   Pro se plaintiff Grant Boyd, who is a pretrial detainee in a pending federal criminal case, filed suit against various federal and state defendants, alleging denial of access to the courts and retaliation.  United States v. Boyd, No. 05-10037 (D. Mass.).  In an order dated March 3, 2006, I granted the federal defendants' motion to dismiss both claims and granted the state defendants' motion to dismiss, but only with respect to the denial of access claim.  See Boyd v. Austin, No. 05-10873, 2006 WL 581097 (D. Mass. Mar. 3, 2006).  I denied without prejudice the state defendants' motion with respect to the retaliation claim, in light of plaintiff's amendment of his complaint, but granted leave for the state defendants to file a second motion to dismiss, which they have now done.

   Plaintiff contends that the state defendants, who are associated with the Plymouth County Correctional Facility ("PCCF"), retaliated against him for filing a civil suit against PCCF by transferring him to MCI Cedar Junction and, once there, by placing him in isolation for three days, denying him his medication, denying him access to a telephone to call his attorney, and preventing him from sending legal mail.  To the extent that plaintiff's claim is based upon conduct that

occurred after he was transferred to Cedar Junction, the motion is allowed; plaintiff has failed to allege how PCCF personnel could have been involved in actions that took place at Cedar Junction. With respect to the actual transfer, however, the motion is denied.

Defendants contend that plaintiff was transported to the federal courthouse at the request of the USMS for a scheduled court appearance and that the USMS arranged for his subsequent transfer to Cedar Junction. While these facts may be true,[1] they go beyond the facts alleged in plaintiff's complaint and therefore are not properly considered on a motion to dismiss. See, e.g., Holland v. Breen, 623 F. Supp. 284, 290 (D. Mass. 1985). Defendants have offered no reason why the facts alleged in their memorandum and attached affidavits should be exempt from this rule, nor do any of the narrow exceptions to the rule appear to apply. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1995). As explained in my previous order, plaintiff has set forth a chronology from which an inference of retaliation may be drawn. See Boyd, 2006 WL 581097, at *4. Because defendants have suggested no other grounds for dismissal, the retaliation claim based upon his transfer survives.

Accordingly, defendants' second motion to dismiss (Docket #46) is allowed in part and denied in part.

    07/10/06                               /s/ Rya W. Zobel
      DATE                               RYA W. ZOBEL
                                        UNITED STATES DISTRICT JUDGE

---

[1]Plaintiff vigorously denies that he was transported to the courthouse for a scheduled court appearance on March 22, 2005. Inspection of the docket in his federal criminal case reveals that no hearing or conference occurred on that date. See Docket, United States v. Boyd, No. 05-10037 (D. Mass.).