Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF

Grant Boyd

V.

Mike Austin, et., al.

SUBPOENA IN A CIVIL CASE

Case Number: 05-10873-RWZ

TO: United States Marshal
US Marshal's Service
1 Courthouse Way, Sutie 1-500
Boston, MA 02210   c/o William Fallon, Chief Deputy

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any business record that references or relates to Grant Boyd, to include but not limited to documents, communications, log entries and or computer records. (see attached letter for specifics)

| PLACE  MCI Cedar Junction, PO Box 100, S. Walpole, MA 02071. Please mark as legal mail | DATE AND TIME  September 21, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 8/28/06

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/5/06 | Mailed to the Address listed on the Front of the Subpoena and deposited in the Inmate Mail System at MCI Cedar Junction |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| USMS - Boston Chief Deputy William Fallon | 1st Class Mail, Certified 7004 2890 0003 8144 5999 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Burdley Jean | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   9/5/06
              DATE

SIGNATURE OF SERVER

PO Box 100
ADDRESS OF SERVER

S Walpole MA 02071

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

August 31, 2006

US Marshal's Service
United States Marshal
1 Courthouse Way, Suite 1-500
Boston, MA 02210
c/o William Fallon Chief Deputy

RE: Grant Boyd v. Mike Austin
    05-10873-RWZ

Dear Mr. Fallon:

This subpoena has been sent to your attention because Anthony Dichio is no longer the United States Marshal and you are listed as his Chief Deputy.

The USMS is Commanded to produce and permit inspection and copying of the following documents or objects:

> A paper copy of any business record that references or relates to Grant Boyd and his detention, transfer and or transportation while he was in the custody of the United States Marshal's Service, Plymouth County Sheriff's Department or the Massachusetts Department of Corrections to include but not limited to any document, communication, log entry or computer record that may be in the custody and or control of the USMS and or its employees, specifically located in but not limited to the District of Massachusetts.

Please send a copy of the above to Grant Boyd A93192, MCI Cedar Junction, PO Box 100, S. Walpole, MA 02071. Please mark the package as Legal Mail.

Respectfully,

Grant Boyd, Pro-Se    8/31/06
PO Box 100
S. Walpole, MA 02071

September 6, 2006

Honorable Judge Zobel
US Federal Court
1 Courthouse Way
Boston, MA 02210

RE: Grant Boyd v. Mike Austin
    Civil Case 05-10873-RWZ

Dear Judge Zobel:

It is important for me to give notice to the Court of 3rd party discovery that is being served upon the DOC and its employees at MCI Cedar Junction.

After reviewing requested discovery from the defendants at Plymouth County, it is documented that P.C.S.D. knew prior to the plaintiff's transfer that he was being moved to the DOC facility MCI Cedar Junction. Additionally, the materials provided by P.C.S.D. contain a document that proves communications took place between the P.C.S.D. defendants and staff at MCI Cedar Junction, specifically Internal Perimeter Security (IPS) staff. IPS at MCI Cedar Junction is responsible for the Mail Room, Classification, Phone Room and isolation, all of which relate narrowly to the retalitation issues that were raised by the Plaintiff.

As such, a need exists to serve the officials at MCI Cedar Junction a subpoena for documents and things pursuant to Local Rule 34(c).

Respectfully Submitted,

Grant Boyd, Pro-Se
PO Box 100
S. Walpole, MA 02071

Encl: Subpoena

September 10, 2006

MCI Cedar Junction
PO Box 100
S. Walpole, MA 02071
Attn.: John Marshall, Superintendent

Dear Mr. Marshall:

    Attached you will find a subpoena for business records as is described below.

    The staff and departments of the DOC located at MCI-Cedar Junction, as noted below are commanded to produce and permit inspection and copying of the following documents and/or objects:

    Any business record that references or relates to Inmate Grant Boyd (A93192) to include any document, object, communication, log entry or computer record that is within the control and/or custody of the MCI Cedar Junction Superintendent John Marshall, his deputies and the following departments: Classification, Mail Room, phone room and IPS offices; to include the complete DOC 6 part inmate file for Grant Boyd (A93192).

    Place: MCI Cedar Junction
    Date: On or before September 26, 2006 at 9:00 A.M.

                                             Respectfully,

                                             Grant Boyd, Pro-Se
                                             PO Box 100
                                             S. Walpole, MA 02071