September 12, 2006

Isabel Eonas
P.C.S.D.
24 Long Pond Rd.
Plymouth, MA 02360

FILED
IN CLERKS OFFICE

2006 SEP 14  P 2: 34

U.S. DISTRICT COURT
DISTRICT OF MASS

RE: Grant Boyd v. Mike Austin
    05-10873-RWZ

Dear Ms. Eonas:

    The discovery materials you provided show, contrary to your answer, that P.C.S.D did infact know before March 22, 2005, that the plaintiff was going to be transfered to Walpole and not transported to a scheduled Court appearance. The USMS contract stipulates that medical records and medication are to be transfered with teh inmate, yet P.C.S.D. employee refused plaintiff's request for both. A letter that the plaintiff had sent to officials at MCI Cedar Junction, about problems he was having at Walpole, some of the same problems that were listed as retalitory acts in prior filings related to this case, was in P.C.S.D. custody and provided by you in the discovery materials. This shows someone at P.C.S.D. was involved with Walpole officials after the plaintiff's transfer. Together these discovered facts give a strong appearance of retalitation and discovery has just started.

    It is clear from your answers that your clients are not telling you what really occured. I feel strongly that a jury will find in my favor, however Judge Zobel recommended that I prepare a settlement offer for your strong consideration. To that end, enclosed you will find my offer which is substantially reduced from the demands in my origional complaint.

Respectfully,

/s/

Grant Boyd, Pro-Se
PO Box 100
S. Walpole, MA 02071

*FILED CLERKS OFFICE 2006 SEP 14 P 2:34 U.S. DISTRICT COURT OF MASS.*

Enc.

I, Grant Boyd, certify that on this day 12 of September, 1006 I served the within settlement proposal, by mailing postage prepaid to:

Isabel Eonas, P.C.S.D., 24 Long Pond Rd., Plymouth MA 02360.

US Federal Court Clerk - RWZ, 1 Courthouse Way, Boston MA 02210.

Signed under the pains and penalties of perjury,

/s/Grant Boyd
Grant Boyd, Pro-Se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Grant Boyd

v.                                    Civil Action 05-10873-RWZ

Mike Austin, et. al.

SETTLEMENT PROPOSED BY PLAINTIFF

The civil action noted above, in which the plaintiff alleges that various defendants at Plymouth County Sheriff's Department violated the plaintiff's access to the courts rights by denying him access to adequate legal materials and to the inmate law library, and in which the plaintiff also alleges that the response of the defendants to the civil action challenging the conditions of the plaintiff's confinement was to retalitate against the plaintiff, is hereby settled under the terms below:

1. The plaintiff releases the defendants from any liability arising out of the plaintiff's confinement at Plymouth County Correctional Facility or from this subsequent transfer.

2. Jointly and severally the defendants agree to pay monetary damages in the amount of $20,000

3. The defendants agree to provide adequate access to legal materials to inmates housed in Special Management Units at P.C.C.F that meet the standards set by this Court in Cepulonis v. Fair 732 F.2d 1, with the actual implementation of those standards left up to the facility with approval from the court.

The above is agreed to by both parties as is noted below.

_____   _____   _____   _____
Isabel Eonas, P.C.S.D.      Date       Grant Boyd, Pro-Se          Date