UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


Grant Boyd

v.                                          CA: 05-10873-RWZ

Mike Austin, et al


PLAINTIFFS COMBINED AMENDED COMPLAINT, MOTION TO ADD DEFENDANT
AND MEMORANDUM IN SUPPORT


I.   Amended Complaint

   a) The Court has jurisdiction over this issue pursuant to
      28 USC §§ 1346, 1331. Also see Carlson v. Green 446 US
      14, 18 (1980)(prisoners may seek remedies for violations
      of constitutional rights in the absence of affirmative
      Congressional action); Bivens v. Six Unknown Federal
      Agents 403 US 388 (1971)(individual entitled to sue
      federal agents for monitary damages) c.f. 34 Geo.L.J.
      Ann.Rev.Crim.Proc 960, n.2967 (2005).

   b) On June 27, 2005 (6/27) Nancy Rue while acting in her
      official and individual capasity, under color of state
      authorized a retalitory transfer of Grant Boyd in
      connection with this case and the 6/27 USMS Motion to
      dismiss, served upon Boyd's return.

   c) Nancy Rue's actions were not related to any legitimate
      governmental purpose or to Boyd's criminal prosecution,
      but done to retalitate against Boyd for litigating against
      the USMS and was intended to intimidate Boyd into
      allowing the 6/27 USMS motion to dismiss to go unopposed.
   Wherefore plaintiff demands judgement against Nancy Rue
   of the kind and in the amount the Court finds appropriate.

II.  Arguement for Adding Nancy Rue

Based on new evidence, plaintiff moves the Court to add Nancy Rue as a defendant in her official and individual capasities for acting under color of state when she authorized actions against plaintiff intended to intimidate and retalitate against him for exercising his First Amendment rights in this case.

Plaintiff alleges that a nexus exists between the 6/27 arbitrary transfer to US Courthouse authorized by Nancy Rue and the 6/27 USMS motion to dismiss served on the plaintiff upon his return, by the US Attorney's Office (USAO). (see Exhibit A, plaintiff's opposition to USMS motion to dismiss, pg 9, filed on 8/10/05).

As noted in Exhibit A, plaintiff and plaintiff's criminal attorney were unable to explain why plaintiff would have been transfered on 6/27. There was no hearing scheduled in Boyd's criminal case 05-10037/-GAO, no meetings or any other legitimate independent reason for this action.

As noted in Exhibit A, plaintiff concluded that this action was intended to intimidate the plaintiff into withdrawing his claim against the USMS by reminding the plaintiff that the USMS has control over what happens to him. It was clear that this action was a retalitory act against the plaintiff for litigating against the USMS. Plaintiff understandably feared for his safety while wondering what the USMS would do next. The nexus or conn-ection between the 6/27 transfer and the 6/27 motion to dismiss was very clear to the plaintiff and troubling.

Boyd argues that this connection is sufficent to sustain
a claim of retalitation. see Morales v. Mackalm 278 F.3d 126
(2nd Cir 2002)(plaintiff must show a casual connection between
protected speech right and adverse action). To plea adverse
action plaintiff must allege that the defendant subjected him
to conduct that would deter a similar individual of ordinary
firmness from exercising his Constitutional rights. Bart v.
Telford 667 F.2d 622, 625 (7th Cir); Allah v. Seiverling 229
F.3d 220 (3rd Cir 2000); Crawford-El v. Britton 951 F.2d at
826.

The plaintiff argues that any sane man, upon learning that
his captors and prosecutor were retalitating against him, would
be detered from continuing the litigation. Plaintiff's lawyers
had advised him to stop the litigation for fear of backlash.
In light of the new evidence, showing Nancy Rue's involvement
in this retalitation, the implications of his lawyer's advice
have now become clear to the plaintiff.

It is shocking to learn that Boyd's prosecutor, AUSA Nancy
Rue, was the one who authorized the retalitation and intimidation.
As Boyd's prosecutor she should have nothing to do with his
civil action against the USMS and the mere appearance of
involvement in any retalitory act related to this civil action
should be unacceptable.

On November 3, 2006, plaintiff received the requested USMS
discovery materials (Exhibit B) and had learned for the first
time that ~~ahat~~ it was Nancy Rue who authorized the transfer on 6/27.
She was not acting in her capacity as Boyd's prosecutor and

her action was in no way related to Boyd's prosecution. She
was involved in retaliting against Boyd for exercising his
Constitutional right which is in violation of clearly established
laws, as such she lost any immunity from litigation and liability.

II(a). Immunity Issues

    The official seeking absolute immunity bears the burden
of showing that such immunity is justified for the function
in question, namely authorizing a transfer. Buckley v. Fitzsimmons
509 US 259, 269 (1993). The Supreme Court held that a Court
must look at the nature of the function performed, not the
identity of the actor who performed it. Id at 269.

    Nancy Rue's action did not relate to her preparation for
the initation of Boyd's prosecution or to a judicial proceeding
and as such are not entitled to absolute immunity. Id at 273;
Also see Kalina v. Fletcher 522 US 118, 126 (1997)(prosecutor
not absolutely immune with respect to actions outside of trial),
c.f. 34 Geo.L.J.Ann.Rev.Crim.Proc. 979, n.3032 (2005).

    When Nancy Rue authorized Boyd's transfer she was acting
as an administrator and not as a Court Officer. "When a prosecutor
functions as an administrator rather than an officer of the
Court, he is entitled to only quilified immunity." Buckley at
273. See also Brown v. Lyford 243 F.3d 185, 191 (5th Cir 2001)
(prosecutor not absolutely immune, but rather entitled to
quilified immunity).

    Nancy Rue's actions violated clearly established Constitut-
ional rights, were not related to a judicial proceeding in Boyd's
case and as such she has no immunity.

III. Conclusion

III. Conclusion

As Boyd's prosecutor, Nancy Rue should never have been
involved in Boyd's Civil Action against the USMS. When Boyd
first filed against the USMS, he never knew the USAO would be
representing the USMS and upon learning thi fact, he had hoped
his criminal prosecution would not be tainted by his action.
To find out last week, 17 months after the 6/27 transfer that
it was Nancy Rue who authorized the retalitation and intimid-
ation against him is very troubling and worrysome.

Outside of any professional ethics violations and the
posibility of the appearance of prosecutorial vindictiveness,
AUSA Nancy Rue violated Boyd's First Amendment Constitutional
right to seek judicial redress for conditions of confinement
issues. An Officer of the Court, who took an oath to obey the
Constitution, should not be violating it.

Boyd has established a nexus between the adverse action
authorized by Nancy Rue and the exercise of his protected speach
right, her actions would deter any sane individual of ordinary
firmness from exercising his Constitutional rights. Because
her action was administrative in nature and violated clearly
established Constitutional rights she has <u>NO</u> absolute or quilified
immunity.

Plaintiff has met his burden and can sustain a claim against
Nancy Rue for violating Boyd's Constitutional rights. She chose
to get involved with this civil litigation and carry-on the
Government's retalitation, it is legally reasonable that she
should be a defendant in this case.

Boyd is being prosecuted by the USAO who is represented by Nancy Rue, any conflict between this proposed civil action against Nancy Rue and Boyd's prosecution by Nancy Rue should be addressed by the USAO and should not be taken into consideration by this Court. As discussed in the scheduling conference with the Court, plaintiff's litigation must factor a proposed sentencing date, now April 2007, if the Court does not allow this motion the plaintiff will be out of the jurisdiction by the time a new case against Nancy Rue could be filed. If Boyd is out of the jurisdiction then he will be bared from litigation.

It was Nancy Rue's decision to get involved and to retalitate against the plaintiff that involved her in this civil action, she created this conflict, not the plaintiff and the plaintiff should not be bared from seeking relief.

Her actions were illegal, vindictive and rise to the level of misconduct. She abused her office and her authority when she retalitated against the plaintiff and as such lost any immunity. It is for all of the above reasons that the plaintiff pleads with the Court to grant this motion to add Nancy Rue as a defendant.

Plaintiff also asks the Court to construe his pro-se submission liberilly and to interperet it to raise the strongest arguement it suggests. see <u>Wright v. Comm</u>. 381 F.3d 41, 44 (2nd Cir 2004)<u>c.f. 34 Geo.L.J.Rev.Crim.Proc.</u> 988 at n.3050 (2005).

Respectfully Submitted,

"/7/06

Grant Boyd, Pro-Se
PO Box 100
S. Walpole, MA 02071

6 of 9

within the USMS that might help establish a pattern of deliberate
indifferance to the conditions at 3rd party locations and viola-
tions of inmate rights that occure at local jails.

Additionally, on June 27, 2005 the Plaintiff was transported
by the DOC to the US Federal Court at the request of the USMS.
When Plaintiff was returned to Walpole he was served with the
USMS Motion to Dismiss.  Plaintiff contacted his lawyer and
found out that he was not scheduled for any appearences or meetings
that would explain this transportation to US Federal Court other
then an attempt by the USMS to encourage Plaintiff to drop them
from the action.  This goes to a showing of relative retalitory
conduct and to the existance of an agency policy or custom,
even an informal one, that makes it acceptable to punish
detenies for exercising a First Amendment Right to seek judicial
oversite.

Plaintiff begs the court to see this conduct for what it
is, an attempt to intimidate and harrass a victim and make him
fearfull of seeking oversite for repetative violations.  Plaintiff
is truly fearful of what will occure if he continues this lawsuit
while in the custody of the USMS.

Plaintiff contends he has established a casual connection
between a protected First Amendment right and an advers action
related to the retalitatory actions taken by the Defendants.
As such Plaintiff submits that this claim survives the motion
to dismiss.

Exhibit

A

CONCLUSION

Plaintiff asks the court to deny the Defendants
USMS' motion to dismiss for all of the above reasons.

(? ? ?)      9                       05-10873-RWZ



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 2, 2006

Grant Boyd
MCI Cedar Junction
P.O. Box 100
South Walpole, MA 02071

      Re: Boyd v. Austin, C.A. 05-10873

Dear Mr. Boyd:

      In response to your 10/25/06 request for documents, a copy of which is enclosed, please find herein all responsive documents which I have obtained from the U.S. Marshals Service. I hope this concludes our involvement in this litigation.

                            Sincerely,

                            Eugenia M. Carris
                            Assistant United States Attorney

Enclosures

Exhibit
B
(2 pages)
05-10873-R62

replace   stored/modified   update        record     1 of    20 records found

```
+-------------------------------------------------------------------------+
|          USM-129 Prisoner Update                    Office: 00          |
+-------------------------------------------------------------------------+
|  +--------------------------------------------------------------------+ |
|  |              Prisoner Schedule                      Office: 00      | |
|  |                                                                    | |
|  |                   Schedule Type            Last Changed  By        | |
|  |                     COURT                  01/03/2005    erose      | |
|  |                                      S USM                         | |
|  | Schedule                             e Cur      268                | |
|  | Date       USMS No.  Last Name  Name x Loc  Time   II Destination  | |
```

| Schedule Date | USMS No. | Last Name | First Name | S e x | USM Cur Loc | Time | 268 II | Destination |
|---|---|---|---|---|---|---|---|---|
| 01/03/2005 | 04725082 | BOYD | GRANT | M | 1ET | 14:00 | IA | COHEN |
| 01/04/2005 | 04725082 | BOYD | GRANT | M | 1ET | 09:00 | MA | PROFFER |
| 01/05/2005 | 04725082 | BOYD | GRANT | M | 1ET | 10:00 | MA | PROFFER - RUE X3 |
| 01/07/2005 | 04725082 | BOYD | GRANT | M | 1ET | 12:00 | MA | PROFFER - RUE X3 |
| 01/12/2005 | 04725082 | BOYD | GRANT | M | 1ET | 14:00 | DH | COHEN |
| 01/12/2005 | 04725082 | BOYD | GRANT | M | 1ET | 15:00 | IA | DEIN |
| 01/19/2005 | 04725082 | BOYD | GRANT | M | 1ET | 10:00 | MA | PROFFER - RUE X3 |
| 01/20/2005 | 04725082 | BOYD | GRANT | M | 1ET | 10:00 | MA | PROFFER - RUE X3 |
| 01/20/2005 | 04725082 | BOYD | GRANT | M | 1ET | 15:00 | DH | COHEN |
| 03/17/2005 | 04725082 | BOYD | GRANT | M | 1ET | 14:30 | AR | ALEXANDER |
| 03/22/2005 | 04725082 | BOYD | GRANT | M | 1ET | 09:00 | TF | TO WALPOLE |
| 05/18/2005 | 04725082 | BOYD | GRANT | M | 1ET | 13:30 | MA | CANCELLED |
| 06/27/2005 | 04725082 | BOYD | GRANT | M | 1ET | 09:30 | MA | 3260 RUE |
| 07/12/2005 | 04725082 | BOYD | GRANT | M | 1ET | 10:00 | MA | 3260 RUE |
| 09/14/2005 | 04725082 | BOYD | GRANT | M | 1ET | 14:00 | MH | SOROKIN |
| 11/10/2005 | 04725082 | BOYD | GRANT | M | 1ET | 09:00 | MA | AUSA RUE |
| 12/09/2005 | 04725082 | BOYD | GRANT | M | 1ET | 09:30 | MH | OTOOLE |
| 03/30/2006 | 04725082 | BOYD | GRANT | M | 1ET | 14:00 | SH | OTOOLE FINAL PRE |
| 04/03/2006 | 04725082 | BOYD | GRANT | M | 1ET | 11:30 | AR | SOROKIN |
| 07/24/2006 | 04725082 | BOYD | GRANT | M | 1ET | 11:00 | AR | SORKIN |

Enter schedule date.
F1-Prv Form   F2-Nxt Form   F3-Prv Rec    F4-Nxt Rec    F5-Fld Help   F10-More Key

Exhibit B
(Part B)

9 OF 9

05-10873-RWZ

I, Grant Boyd, certify under the pain and penalty of perjury
that the below list of items were mailed to the below listed
individuals by postage pre-paid first class mail on __7__ day
of ___NOV_____ month of 2006.

1. _Motion to add defendant_
2. _Notice_
3. _____
4. _____

Mailed to:

1. Isabel Eonas, PCSD, 24 Long Pond Rd., Plymouth, MA 02360
2. _____
3. _____

Signed under the pain and penalty of perjury.

_____          11/7/06
Grant Boyd, Pro-Se                Date