UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
GRANT BOYD,                                          )
                              Plaintiff               )
v.                                                   )
                                                    )         CA05-10873 RWZ
MIKE AUSTIN, Plymouth                                )
County Sheriff's Department, et. al.                 )
                              Defendants              )
_____)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### I.      PROCEDURAL BACKGROUND

The Court allowed Plymouth County Correctional Facility (PCCF) defendants' June 27, 2005 motion to dismiss pertaining to plaintiff's lack of access claim.  As a result, defendants Lynch and Hannon were dismissed from the suit. The Court denied without prejudice PCCF defendant's motion as to the retaliation claim. The remaining PCCF defendants, Michael Neri, Brian Gillen and Joseph McDonald,[1] submitted a second motion to dismiss the remaining count of retaliation on March 16, 2006.  The defendants' second motion to dismiss was allowed to the extent that plaintiff's amended complaint alleged retaliatory conduct that occurred after plaintiff was transferred to MCI Cedar Junction on March 22, 2005.  The Court denied the second motion with respect to the allegation of retaliation involved in the actual transfer of plaintiff from the PCCF to MCI Cedar Junction.

_____

[1] Plaintiff's amended Complaint only includes Michael Neri, Brian Gillen, Joseph McDonald, Kathy Lynch and Thomas Hannon as PCCF Defendants.  Defendants Lynch and Hannon were dismissed from the suit.

The remaining count in plaintiff's amended complaint contends that the PCCF defendants retaliated against him for filing a civil suit by transferring him to MCI Cedar Junction on March 22, 2005. In support of his claim, plaintiff alleges three occurances. First, plaintiff filed a civil suit against the PCCF for denial of access to legal material on March 16, 2005. Second, plaintiff wrote to Sheriff Joseph McDonald on March 21, 2005, notifying him of the suit. Lastly, plaintiff met with PCCF Major Ramos on March 21, 2005, concerning a separate grievance plaintiff filed regarding his diet. (Am. Compl. ¶ 21-23).

II.    STANDARD OF REVIEW

Summary Judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial". _Garside v. Osco Drug, Inc._, 895 F.2d 46, 50 (1 Cir. 1990). Summary Judgment can only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. Rule 56 of the Federal Rules of Civil Procedure has a distinctive set of steps. When requesting Summary Judgment, the moving party must "put the ball in play, averring 'an absence of evidence to support a nonmoving party's case'." _Garside_, 895 F.2d at 48 (quoting _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).) The nonmovant then must document some factual disagreement sufficient to overcome brevis disposition. Not every discrepancy in the proof is enough to forestall summary judgment; the disagreement must relate to some issue of material fact. See _Anderson v. Liberty Lobby Inc._, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10 (1986).

On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. See *id.*, 477 U.S. at 256-257, 106 S.Ct. at 2514-15. This evidence "cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." *Mack v. Great Atl. & Pac. Tea Co.,* 871 F.2d 179, 181 (1st Cir. 1989). Evidence that is "merely colorable or is not significantly probative" cannot deter summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

III.     ARGUMENT

Plaintiff, in United States Marshal Service (USMS) custody, was placed at the PCCF on January 3, 2005 pursuant to a contract to provide for the detention of federal inmates. (See Affidavit of PCCF Director of Security Antone Moniz attached at Exhibit #1 and the contract to house federal inmates attached at Exhibit #2).

On March 3, 2005, plaintiff filed an inmate request with PCCF Deputy Superintendent Brain Gillen. In his request, plaintiff noted that he was dissatisfied with his access to the PCCF law library and requested that he be transported to another institution with a law collection that would allow him to conduct legal research. (See Inmate Request filed 3/3/05 attached as Exhibit #3). Gillen forwarded this request to PCCF Inmate Legal Services for Review. Gillen was advised by PCCF Inmate Legal Services Director Thomas Hannon and Paralegal Cathy Lynch that plaintiff was constantly dissatisfied with his ability to do legal research at PCCF despite Inmate Legal Services working with him on a regular basis to accommodate his requests. (See affidavit of PCCF Inmate Legal Services Paralegal Cathy Lynch attached at Exhibit #4 and affidavit of PCCF Director Thomas Hannon attached at Exhibit #5).

Plaintiff was placed in PCCF protective custody for his own safety after he informed PCCF staff that he was a former correction officer with the Essex County Sheriff's Department. Since plaintiff was in protective custody, his requests for legal research went directly to the Inmate Legal Services Paralegal. She in turn provided the documents requested to plaintiff pursuant to established PCCF policies and procedures. (See affidavit of Cathy Lynch attached at Exhibit #4). The number of requests for legal material submitted by plaintiff exceeded the number of requests made by any other PCCF inmate, and began to tax Inmate Legal Services staff. This information was provided to Gillen by Hannon following plaintiff's March 3, 2005 request for a transfer. (See affidavit of Thomas Hannon attached at Exhibit #5).

As a result of the information received from Hannon and Lynch, Gillen contacted the USMS liaison sometime prior to March 21, 2005 and informed him that plaintiff, a federal inmate, was dissatisfied with the PCCF law library and that he filed a request to be transported to another institution that would allow him greater access to legal materials. In his conversation with the USMS, Gillen suggested that a transfer to another facility for this inmate may be appropriate under the circumstances to further institutional convenience. Gillen has made informal requests to transfer federal inmates housed at PCCF for many reasons over the course of his tenure including institutional convenience. (See affidavit of PCCF Deputy Superintendent Brian Gillen attached at Exhibit #6).

On March 22, 2005, at the request of the USMS, and consistent with the terms of the contract for housing federal inmates, plaintiff was transported by PCCF transportation officers to the U.S. District Courthouse[2]. The USMS also notified the PCCF

---

[2] Defendant's second motion to dismiss incorrectly states that plaintiff was transported to the U.S. District Courthouse on March 22, 2005 for a "scheduled court appearance". The affidavit of Major Robert Lawton

4

transportation team that plaintiff was to be transferred to another facility that day. As such, the PCCF transportation department arranged for plaintiff to be transported to the U.S. District Court on March 22, 2005, while the USMS arranged for plaintiff's subsequent transportation to MCI Cedar Junction. (See March 21, 2005 "call up" list attached at Exhibit #7 and affidavit of PCCF Transportation Supervisor Robert Lawton attached at Exhibit #8).

### A.    The Reason for Plaintiff's Transfer:

It is well settled that the decision on where to place prisoners within the correctional system is a matter of discretion for prison administrators invoked for varied reasons such as security, convenience, or rehabilitation. *Lombardo*, 548 F.2d 13. It is also well settled that a prisoner has no right to a hearing before he is transferred. *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979). A prisoner can be transferred for any reason, or for no reason at all. *Id*. This rule is applicable to those convicted as well as pretrial detainees. *Feeley v. Sampson*, 570 F.2d 364, 376-77 (1st Cir. 1978).

A prisoner can, however, establish a retaliatory transfer claim if the decision to transfer him was made by reason of his constitutionally protected First Amendment freedoms. *McDonald*, 610 F.2d at 18. While the discretion afforded to prison officials to transfer an inmate is extremely broad, it does not "swallow" an inmate's fundamental First Amendment rights. *Id*. In order to establish a claim for a retaliatory transfer, the plaintiff must make a showing that the actual motivating factor for his transfer was because of a constitutionally protected activity. *Id.* In other words, plaintiff must demonstrate that he would not have been transferred "but for" his constitutionally

---

accurately states that the PCCF transportation department transported plaintiff to the U.S. District Courthouse on March 22, 2005 pursuant to a court call up list received from the USMS on March 21, 2005.

protected activity.  _Id._  This is a substantial burden.  _Id._  "The requirement of a 'but for' showing together with the wide latitude afforded prison officials in ordering transfers may make summary judgment particularly appropriate."  _Id._  Moreover, even if the defendants had an impermissible reason for transferring the plaintiff, if a separate, permissible reason exists, the defendants still would not be liable.  See _Graham v. Henderson_, 89 F.3d 75, 79 (2nd Cir. 1996); _Goff v. Burton_, 7 F.3d 734, 737 (8th Cir. 1993); _Ponchik v. Bogan_, 929 F.2d 419, 420 (8th Cir. 1991); See also _Scarpa v. Ponte_, 638 F.Supp. 1019, 1027 (D.Mass. 1986).

At the pleading stage, prisoners are required to allege little more than the ultimate fact of retaliation.  To survive a motion to dismiss, the Complaint may simply set forth a chronology of events which may be read as providing some support for an inference of retaliation. M_cDonald_, 610 F.2d at 18.  To overcome defendants' motion for summary judgment, however, plaintiff must make a showing demonstrating that the motivating factor behind his transfer was his constitutionally protected activity. I_d_ at 18.

In this case plaintiff fails to make a showing that the motivating factor behind his transfer was his law suit. Defendants had no authority to transfer plaintiff[3] and have articulated a legitimate reason for the informal request made to the USMS, institutional convenience. (See affidavit of Brian Gillen attached at Exhibit #6).

Plaintiff's March 3, 2005 request to be transported to another facility highlighted his dissatisfaction with the PCCF law library despite the resources expended on him daily by inmate legal services.  PCCF staff understood plaintiff's March 3, 2005 request to be that for a transfer to another facility with a better law library.  Since plaintiff was in

---

[3] Plaintiff filed a motion to amend his complaint on November 7, 2006 in an attempt to add his federal prosecutor as a defendant in this civil action. Although the PCCF defendants view this motion as frivolous, in it the plaintiff stated 'that the USMS has control over what happens to him", highlighting his awareness that only the USMS can order his transfer.

protective custody, he could not gain access to the law library in general population without compromising his personal safety. Plaintiff's requests for legal material threatened to pose a hardship on Inmate Legal Services staff and since he could not be transported to a local library without incurring a security risk and a serious financial burden, his transfer to another institution furthered the goal of institutional convenience.

Summary Judgment should be granted for the defendants since there is no evidence that the transfer was motivated by plaintiff's lawsuit. Though plaintiff argues a chronology of events from which an inference of retaliation could permissibly be drawn, plaintiff fails to demonstrate that his transfer was a result of his constitutionally protected activity or that it would not have been ordered by the USMS but for him exercising his constitutionally protected rights. The mere chronology alleged in the Compliant, while sufficient to withstand a motion to dismiss, cannot get plaintiff to the jury once defendants have produced evidence of a legitimate reason for the transfer. See _Layne v. Vinzant,_ 657 F.2d 468, 476 (1st Cir. 1981).

**B.    Defendants' Notice of Plaintiff's Law Suit:**

Plaintiff's chronology of events involves three distinct actions from which he forms an inference of retaliatory transfer. First, plaintiff alleges he filed a civil suit against defendants in the Plymouth Superior Court on March 16, 2005, exactly six days before his transfer from PCCF to MCI Cedar Junction. While plaintiff may have filed a legal action on March 16, 2005, PCCF defendants were first serviced with a complaint from plaintiff dated March 29, 2005 on April 2, 2005, exactly ten days after his transfer. (See attached Summons with Proof of Service dated 4/2/06 attached at Exhibit #9). Gillen was not aware that plaintiff had filed a lawsuit when he made the informal request to the USMS regarding plaintiff's transfer. (See affidavit of Brian Gillen attached at Exhibit

#6).  Next, plaintiff states that he sent Sheriff Joseph McDonald a letter dated March 21, 2005, advising him of the law suit.  However, the Sheriff did not receive this letter until March 22, 2005, a day after the USMS call up list was sent to PCCF's transportation department and days after Gillen made his informal request to the USMS. (See plaintiff letter dated March 21, 2005, time stamped March 22, 2005 attached at Exhibit #10).

Although plaintiff had notified PCCF employees of his intent to file a lawsuit prior to his transfer, notice of the lawsuit did not take place until well after his transfer.

The third action cited by plaintiff in support of his retaliation claim is an alleged meeting held the day before his transfer with Major Ramos regarding an inmate grievance.  Major Frank Ramos is the Assistant Deputy Superintendent assigned to the PCCF Kitchen and Property Departments. Major Ramos is not responsible for addressing inmate grievances but on occasion may meet with an inmate to discuss food related complaints.  Major Ramos does not specifically recall meeting with plaintiff during the course of his stay at PCCF and does not recall discussing plaintiff's grievance with Neri, Gillen or McDonald.  Furthermore, Ramos has never been involved in any inmate transfers to another facility, nor has he ever requested such a transfer.  (See affidavit of Assistant Deputy Superintendent Frank Ramos attached at Exhibit #11).   Also, the meeting between plaintiff and Ramos allegedly took place on March 21, 2005, the same day the USMS sent the call up list to the PCCF transportation department.  The call from Gillen to the USMS liaison had already taken place prior to the alleged meeting.

The only evidence that any PCCF defendant was involved in any way in the USMS's decision to transfer plaintiff is that of Gillen's informal request which took place sometime prior to the USMS ordering the transfer in a March 21, 2005 call up list.  Plaintiff can not demonstrate that Gillen made this informal request because plaintiff

brought legal action against him or any other PCCF employee. No one at PCCF was served with plaintiff's superior court civil action until weeks after Gillen's request, and the Sheriff did not receive the letter plaintiff refers to in his complaint regarding the lawsuit until after the request was made.

The evidence as shown through affidavits, contemporaneous documents and the terms of a contract between the defendants and the USMS demonstrate that no one at PCCF could have transferred plaintiff to MCI Cedar Junction in retaliation for his civil suit. Plaintiff was merely transported by PCCF to the U.S. District Courthouse on March 22, 2005 at the request of the USMS.

The evidence further shows that even though an informal request for the transfer was made by defendant Gillen, it was made well before he was served with the lawsuit. The informal request made by the PCCF Deputy Superintendent to the USMS to have plaintiff transferred from PCCF was driven by institutional convenience. Plaintiff also requested the transfer himself in an inmate request submitted to Gillen on March 3, 2005. However, ultimately the decision to transfer plaintiff was that of the USMS. The ambiguous evidentiary fragments put forth by plaintiff are insufficient to counterbalance the overwhelming evidence demonstrating that PCCF did not have the authority to facilitate the transfer and that the informal request for the transfer was based on plaintiff's desire to be moved to another facility and the institutional convenience that would follow from his transfer.

### C.     Defendants are Entitled to Qualified Immunity:

In order to be held liable for a violation of Section 1983, a defendant must be personally involved in the conduct which gives rise to the Constitutional claim. See _Monell v. Department of Social Services_, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036 (1978);

*Voutour v. Vitale*, 761 F.2d 812, 819 (1 Cir. 1982). There must be an affirmative link between the constitutional violation and the action of the defendants. *Voutour*, 761 F.2d at 819. Thus, plaintiff must demonstrate that each defendant was personally involved in the decision to transfer him to MCI Cedar Junction.

Dismissal of a plaintiff's Complaint is appropriate on a theory of qualified immunity where the plaintiff has failed to allege the Defendants' personal involvement. *O'Malley v. Sheriff of Worcester County*, 415 Mass. 132, 142 (1993), citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A supervisor can be liable only on the basis of his own acts and omissions. *Maldonado-Denis v. Castillo v. Rodriguez*, 23 F. 3rd 576, 581 (1st Cir. 1994); *Figueroa v. Aponte-Rogue*, 864 F. 2d 947, 953 (1989) (when asserting the defense of qualified immunity a defendant is judged only on the basis of his own acts or omissions).

In order to find a supervisor liable for the acts of his subordinates, which are alleged to have violated the plaintiff's civil rights, it must be shown that the supervisor formulated a policy or engaged in a practice that led to the alleged violations. A plaintiff must show that the supervisor's conduct was a cause of the subordinate's violations of the plaintiff's federal rights. See *Diaz v. Martinez*, 112 F.3rd 1, 4 (1st Cir. 1997); *Camilo-Roboes v. Hoyos,* 151 F. 3rd (1st Cir. 1998), denied, 119 Supreme Court 872 (1999).

Here, plaintiff can not demonstrate that PCCF defendants McDonald or Neri were personally involved in plaintiff's transfer. There is not one shred of evidence that these defendants had a part in the USMS decision to transfer plaintiff to MCI Cedar Junction. (See affidavit of Assistant Deputy Superintendent Michael Neri attached at Exhibit #12 and affidavit of Sheriff Joseph D. McDonald, Jr. attached at Exhibit #13). As for Defendant Gillen, plaintiff can only show that following his request for a transfer to

another facility, Gillen made an informal request to the USMS to transfer plaintiff for institutional convenience and not for any retaliatory reason.  Plaintiff can not show that Gillen was aware of the civil action against him at the time of the request.

Also, to the extent that the informal request made by Gillen was a discretionary act, the act is immune from suit.  As such, none of plaintiff's assertions are sufficient to forestall summary judgment.

The transfer of plaintiff was ordered by the USMS.  Accordingly, the PCCF defendants can not be held liable for a Section 1983 violation.

## Conclusion

For the foregoing reasons, the remaining defendants, Michael Neri, Brian Gillen and Joseph McDonald respectfully request that the Court grant summary judgment in their favor as to the remaining count of retaliatory transfer.

Respectfully submitted,
Plymouth County Defendants
By their Attorneys:


/s/ Isabel N. Eonas_____
Isabel N. Eonas, Deputy General Counsel
Plymouth County Sheriff's Department
24 Long Pond Road
Plymouth, MA  02360
(508) 830-6287
DATED: November 20, 2006    B.B.O. #634980

## CERTIFICATE OF SERVICE

I, Isabel N. Eonas, certify that on this 20th day of November, 2006 I served the within Defendants' Motion for Summary Judgment together with Memorandum in Support, by mailing postage prepaid to:


Grant Boyd, pro se,
MCI-Walpole-Block 4, P.O. Box 100, S. Walpole, MA 02071.



Signed under the pains and penalties of perjury,


/s/Isabel N. Eonas_____
Isabel N. Eonas
Deputy General Counsel
Plymouth County Sheriff's Department

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GRANT BOYD, | ) |
|        Plaintiff | ) |
| | ) |
| v. | ) |
| | )    CA05-10873 RWZ |
| MIKE AUSTIN, Plymouth | ) |
| County Sheriff's Department, et. al. | ) |
|        Defendants | ) |
| | ) |

## AFFIDAVIT

I, Antone Moniz, Director of Security at the Plymouth County Correctional Facility, do hereby depose and state the following:

1. Pursuant to a contract to provide for the detention of federal inmates, the PCCF accepts and provides for the secure custody, care and safekeeping of federal inmates in accordance with state and local laws, standards, policies, procedures or court orders applicable to the operation of the facility;

2. The PCCF provides federal inmates with the same level of medical care and services provided to local prisoners, including the transportation and security for prisoners requiring removal from the facility for emergency services.

3. The PCCF only releases federal prisoners to the agency initially committing them, such as the USMS.

4. The PCCF at the request of the USMS will provide transportation and escort guard services for federal inmates to and from the US Courthouse.

5. The PCCF can not order the transfer of federal inmates to another facility.

6. Pursuant to the contract to provide for the detention of federal inmates, inmate Grant Boyd was placed at PCCF on January 3, 2005 by the USMS in whose custody he was held;

7. The PCCF did not order inmate Grant Boyd's transfer to MCI Cedar Junction on March 22, 2005.

Signed under the pains and penalties of perjury, this ___ day of October, 2006.



Antone Moniz

| 1. AGREEMENT NUMBER J-A38-M-946 | 2. EFFECTIVE DATE 7 / 01 / 96 | REQUISITION/PURCHASER/REQUEST NO. 063-96 | 4. CONTROL NO. |
|---|---|---|---|

**5. ISSUING OFFICE**

UNITED STATES MARSHALS SERVICE
PRISONER OPERATIONS DIVISION
IGA SECTION
600 ARMY NAVY DRIVE
ARLINGTON, VA 22202-4210

**6. GOVERNMENT ENTITY**

NAME AND ADDRESS *(Street, city, county, State and ZIP code*

Plymouth County Sheriff's Department
Obery Street
Plymouth, MA 02360

FACILITY CODE(S)   1CK

**7. APPROPRIATION DATA**

15X1020

Contact Person    Peter Forman, Sheriff
Area Code & Telephone No. ▶ (508) 746-0610

| 8. ITEM NO. | 9. SUPPLIES/SERVICES | 10. QUANTITY | 11. UNIT | 12. UNIT PRICE | 13. AMOUNT |
|---|---|---|---|---|---|
| | This Agreement is for the housing, safekeeping and subsistence of adult male federal prisoners including guard/transport services in accordance with the contents set forth herein. | ESTIMATED USMS PRISONER DAYS/YR. 69,000 | PDs | PER DIEM RATE $86.91 | ESTIMATED ANNUAL PAYMENT $5,996,790 |
| | | ESTIMATED GUARD HRS 2,500 | GHs | $18.47 | $46,175 |

**14.**

*To the best of my knowledge and belief, data submitted in support of this agreement is true and correct, the document has been duly authorized by the governing body of the Department or Agency and the Department or Agency will comply with ALL PROVISIONS SET FORTH HEREIN.*

AGENCY CERTIFYING

**15. LOCAL GOVERNMENT AUTHORIZED TO SIGN AGREEMENT**

_____ (Signature) Date _____

Name (Type or Print) _____  Title _____

_____ (Signature) Date _____

Name (Type or Print) _____  Title _____

**16. TYPE OF USE**

☐ Hold Over
☒ Regular Support
☐ Seasonal Support
☐ Other

**LEVEL OF USE**

☐ Minimum
☐ Medium
☐ Major

**17. PRISONER TYPE TO BE INCLUDED**

UNSENTENCED
☒ Adult Male
☐ Adult Female
☐ Juvenile Male
☐ Juvenile Female
☐ Aliens

SENTENCED
☒ Adult Male
☐ Adult Female
☐ Juvenile Male
☐ Juvenile Female
☐ Work Release
☐ YCA Male
☐ YCA Female

**19.** *This Negotiated Agreement is Hereby Approved and Accepted for*

THE UNITED STATES OF AMERICA
BY DIRECTION OF THE DIRECTOR OF THE UNITED STATES MARSHALS SERVICE

BY _____
(SIGNATURE OF CONTRACTING OFFICER)

| ANTICIPATED ANNUAL USAGE | | | | |
|---|---|---|---|---|
| | UNSENTENCED | SENTENCED | ALIENS | TOTAL |
| o. of Prisoners | | | | |
| risoner Days | 69,000 | | | |
| uard Hours | 2,500 | | | |

**21. NAME OF AUTHORIZING OFFICIAL** *(Type or Print)*

Vicki Lipov

**22. DATE SIGNED**

DEC 27

PRIOR EDITIONS ARE OBSOLETE AND ARE NOT TO BE USED

FORM USM-241
(Rev 11/96)

**EXHIBIT #2**

| Intergovernmental Service Agreement Schedule | IGA No. J–A38–M–946 | Page No. 2 of 13 |
|---|---|---|

## ARTICLE I - PURPOSE AND SECURITY PROVIDED

The purpose of this Intergovernmental Service Agreement (IGA) is to establish a formal binding relationship between the United States Marshals Service (USMS) and other federal user agencies (the Federal Government) and Plymouth County (the Local Government) for the detention of persons charged with or convicted of violations of federal law or held as material witnesses (federal prisoners) at the Plymouth County Correctional Facility (the facility).

The Local Government agrees to accept and provide for the secure custody, care and safekeeping of federal prisoners in accordance with state and local laws, standards, policies, procedures, or court orders applicable to the operations of the facility. The USMS considers all federal prisoners medium/maximum security-type prisoners that are housed within the confines of the facility, at a level appropriate for prisoners considered a risk of flight, a danger to the community, or wanted by other jurisdictions.

## ARTICLE II - ASSIGNMENT AND CONTRACTING OF CATEGORICAL PROJECT-SUPPORTED EFFORT

1.   Neither this agreement nor any interest therein may be assigned or transferred to any other party without prior written approval by the USMS.

2.   None of the principal activities of the project-supported effort shall be contracted out to another organization without prior approval by the USMS. Where the intention to award contracts is made known at the time of application, the approval may be considered granted if these activities are funded as proposed.

3.   All contracts or assignments must be formalized in a written contract or other written agreement between the parties involved.

4.   The contract or agreement must, at a minimum, state the activities to be performed, the time schedule, the project policies, and the flow-through requirements that are applicable to the contractor or other recipient, other policies and procedures to be followed, the dollar limitation of the agreement, and the cost principles to be used in determining allowable costs. The contract or other written agreement must not affect the recipient's overall responsibility for the duration of the project and accountability to the government.

| Intergovernmental Service Agreement Schedule | IGA No. J-A38-M-946 | Page No. 3 of 13 |
|---|---|---|

## ARTICLE III - MEDICAL SERVICES

1. The Local Government agrees to provide federal prisoners with the same level of medical care and services provided to local prisoners, including the transportation and security for prisoners requiring removal from the facility for emergency medical services. All costs associated with hospital or health care services provided outside the facility will be paid directly by the Federal Government. In the event the Local Government has a contract with a medical facility/physician or receives discounted rates, the federal prisoners shall be charged the same rate as local prisoners.

2. The Local Government agrees to notify the United States Marshal (USM) as soon as possible of all emergency medical cases requiring removal of a prisoner from the facility and to obtain prior authorization for removal for all other medical services required.

3. When a federal prisoner is being transferred via the USMS airlift, he/she will be provided with three (3) to seven (7) days of prescription medication which will be dispensed from the detention facility. When possible, generic medications should be prescribed.

4. Medical records must travel with the federal prisoner. If the records are maintained at a medical contractor's facility, it is the detention facility's responsibility to obtain them before a federal prisoner is moved.

5. Federal prisoners will not be charged and are not required to pay their own medical expenses. These expenses will be paid by the Federal Government.

6. The Local Government agrees to notify the USM as soon as possible when a federal prisoner is involved in an escape, attempted escape, or conspiracy to escape from the facility.

## ARTICLE IV - RECEIVING AND DISCHARGE

1. The Local Government agrees to accept as federal prisoners those persons committed by federal law enforcement officers for violations of federal laws only upon presentation by the officer of proper law enforcement credentials.

| Intergovernmental Service Agreement Schedule | IGA No. J-A38-M-946 | Page No. 4 of 13 |
| --- | --- | --- |

2.   The Local Government agrees to release federal prisoners only to law enforcement officers of agencies initially committing the prisoner (i.e., DEA, INS, etc.) or to a Deputy USM.  Those prisoners who are remanded to custody by a USM may only be released to a USM or an agent specified by the USM of the Judicial District.

3.   The Federal Government agrees to maintain federal prisoner population levels at or below the level established by the facility administrator.

4.   Federal prisoners may not be released from the facility or placed in the custody of state or local officials for any reason except for medical emergency situations. Federal prisoners sought for a state or local court proceeding must be acquired through a Writ of Habeas Corpus or the Interstate Agreement of Detainers and then only with the concurrence of the District USM.

## ARTICLE V - PERIOD OF PERFORMANCE

This agreement shall be in effect indefinitely until terminated in writing by either party.  Should conditions of an unusual nature occur making it impractical or undesirable to continue to house prisoners, the Local Government may suspend or restrict the use of the facility by giving written notice to the USM.  Such notice will be provided thirty (30) days in advance of the effective date of formal termination and at least two (2) weeks in advance of a suspension or restriction of use unless an emergency situation requires the immediate relocation of prisoners.

## ARTICLE VI - PER DIEM RATE AND ECONOMIC PRICE ADJUSTMENT

1.   Per diem rates shall be established on the basis of actual and allowable costs associated with the operation of the facility during a recent annual accounting period.

2.   The Federal Government shall reimburse the Local Government at the per diem rate identified on page one (1) of this agreement.  The rate may be renegotiated not more than once per year, after the agreement has been in effect for twelve (12) months.

| Intergovernmental Service Agreement Schedule | IGA No. J-A38-M-946 | Page No. 5 of 13 |
|---|---|---|

3. The rate covers one (1) person per "prisoner day". The Federal Government may not be billed for two (2) days when a prisoner is admitted one evening and removed the following morning. The Local Government may bill for the day of arrival, but not for the day of departure.

4. When a rate increase is desired, the Local Government shall submit a written request to the USM at least sixty (60) days prior to the desired effective date of the rate adjustment. All such requests must contain a completed Cost Sheet for Detention Services (USM-243) which can be obtained from the USM. The Local Government agrees to provide additional cost information to support the requested rate increase and to permit an audit of accounting records upon request of the USMS.

5. Criteria used to evaluate the increase or decrease in the per diem rate shall be those specified in the Office of Management and Budget (OMB) Circular A-87, Cost Principles for State, Local, and Indian Tribal Governments.

6. The effective date of the rate modification will be negotiated and specified on the IGA Modification form approved and signed by a USMS Contract Specialist. The effective date will be established on the first day of the month for accounting purposes. Payments at the modified rate will be paid upon the return of the signed modification by the authorized Local Government official to the USM.

## ARTICLE VII - BILLING AND FINANCIAL PROVISIONS

1. The Local Government shall prepare and submit original and separate invoices each month to the federal agencies listed below for certification and payment.

U. S. Marshals Service
District of Massachusetts
1516 U.S. Courthouse
Congress & Water Streets
Boston, MA 02109
(617) 223-9721

2. To constitute a proper monthly invoice, the name and address of the facility, the name of each federal prisoner, their specific dates of confinement, the total days to be reimbursed, the appropriate per diem rate as approved in the IGA, and the total

Form USM-241-B /R    3/02

| Intergovernmental Service Agreement Schedule | IGA No. J–A38–M–946 | Page No. 6 of 13 |
| --- | --- | --- |

amount billed (total days multiplied by the rate per day) shall be listed. The name, title, complete address, and phone number of the local official responsible for invoice preparation should also be listed on the invoice.

3.   The Prompt Payment Act, Public Law 97-177 (96 stat. 85, 31 USC 1801), is applicable to payments under this agreement and requires the payment to the Local Government of interest on overdue payments. Determinations of interest due will be made in accordance with the provisions of the Prompt Payment Act and the Office of Management and Budget Circular A-125.

4.   Payment under this agreement will be due on the thirtieth (30th) calendar day after receipt of a proper invoice, in the office designated to receive the invoice. If the due date falls on a nonworking day (e.g., Saturday, federal holiday); then the due date will be the next working day. The date of the check issued in payment shall be considered to be the date payment is made.

NOTE:  Rates not specified in the agreement will not be authorized for payment.

## ARTICLE VIII - SUPERVISION AND MONITORING RESPONSIBILITY

All recipients receiving direct awards from the USMS are responsible for the management and fiscal control of all funds. Responsibilities include the accounting of receipts and expenditures, cash management, the maintaining of adequate financial records, and the refunding of expenditures disallowed by audits.

## ARTICLE IX - ACCOUNTING SYSTEMS AND FINANCIAL RECORDS

1.   The recipient shall be required to establish and maintain accounting systems and financial records that accurately account for the funds awarded. These records shall include both federal funds and all matching funds of state, local, and private organizations. State and local recipients shall expend and account for funds in accordance with state laws and procedures for expending and accounting for its own funds, as well as meet the financial management standards in 28 Code of Federal Regulations (CFR), Part 66, and current revisions of OMB Circular A-87.

2.   Recipients are responsible for complying with OMB Circular A-87 and 28 CFR, Part 66, and the allowability of the costs covered therein (submission of Form USM-

| Intergovernmental Service Agreement Schedule | IGA No. J–A38–M–946 | Page No. 7 of 13 |
|---|---|---|

243).  To avoid possible subsequent disallowance or dispute based on unreasonableness or unallowability under the specific cost principles, recipients must obtain prior approval on the treatment of special or unusual costs.

3.   Changes in IGA facilities:  The USMS shall be notified by the recipient of any significant change in the facility, including significant variations in inmate populations, which causes a significant change in the level of services under this IGA.  The notification shall be supported with sufficient cost data to permit the USMS to equitably adjust the per diem rates included in the IGA.  Depending on the size of the facility for purposes of assessing changes in the population, a 10% increase or decrease in the prison population shall be a "significant increase or decrease" for purposes of this subsection.

## ARTICLE X - MAINTENANCE AND RETENTION OF RECORDS AND ACCESS TO RECORDS

1.   In accordance with 28 CFR, Part 66, all financial records, supporting documents, statistical records, and other records pertinent to contracts or sub-awards awarded under this IGA shall be retained by each organization participating in the program for at least three (3) years for purposes of federal examination and audit.

2.   The 3-year retention period set forth in paragraph one (1) above, begins at the end of the first year of completion of service under the IGA.  If any litigation, claim, negotiation, audit, or other action involving the records has been started before the expiration of the 3-year period, the records must be retained until completion of the action and resolution of all issues which arise from it or until the end of the regular 3-year period, whichever is later.

3.   Access to Records:  The USMS and the Comptroller General of the United States, or any of their authorized representatives, shall have the right of access to any pertinent books, documents, papers, or other records of recipients or its sub-recipients/contractors, which are pertinent to the award, in order to make audits, examinations, excerpts, and transcripts. The rights of access must not be limited to the required retention period, but shall last as long as the records are retained.

4.   Delinquent Debt Collection:  The USMS will hold recipient accountable for any overpayment, audit disallowance, or any breach of this agreement that results in a

| Intergovernmental Service Agreement Schedule | IGA No. J-A38-M-946 | Page No. 8 of 13 |
| --- | --- | --- |

debt owed to the Federal Government. The USMS shall apply interest, penalties, and administrative costs to a delinquent debt owed by a debtor pursuant to the Federal Claims Collection Standards.

## ARTICLE XI - GOVERNMENT FURNISHED PROPERTY

1.  It is the intention of the USMS to furnish excess federal property to local governments for the specific purpose of improving jail conditions and services. Accountable excess property, such as furniture and equipment, remains titled to the USMS and shall be returned to the custody of the USMS upon termination of the agreement.

2.  The Local Government agrees to inventory, maintain, repair, assume liability for, and manage all federally provided accountable property as well as controlled excess property. Such property cannot be removed from the jail without the prior written approval of USMS Headquarters. The loss or destruction of any such excess property shall be immediately reported to the USM and USMS Headquarters. Accountable and controlled excess property includes any property with a unit acquisition value of $1,000 or more, all furniture, as well as equipment used for security and control, communication, photography, food service, medical care, inmate recreation, etc.

3.  The suspension of use or restriction of bedspace made available to the USMS are agreed to be grounds for the recall and return of any or all government furnished property.

4.  The dollar value of property provided each year will not exceed the annual dollar payment made by the USMS for prisoner support unless a specific exemption is granted by the Chief, Prisoner Services Division, USMS Headquarters.

5.  It is understood and agreed that the Local Government shall fully defend, indemnify, and hold harmless the United States of America, its officers, employees, agents, and servants, individually and officially, for any and all liability caused by any act of any member of the Local Government or anyone else arising out of the use, operation, or handling of any property (to include any vehicle, equipment, and supplies) furnished to the Local Government in which legal ownership is retained by the United States of America, and to pay all claims, damages, judgments, legal costs, adjuster fees, and attorney fees related thereto. The Local Government will

| Intergovernmental Service Agreement Schedule | IGA No. J-A38-M-946 | Page No. 9 of 13 |
|---|---|---|

be solely responsible for all maintenance, storage, and other expenses related to the care and responsibility for all property furnished to the Local Government.

## ARTICLE XII – MODIFICATIONS/DISPUTES

1. Either party may initiate a request for modification to this agreement in writing. All modifications negotiated will be written and approved by the USMS Contracting Officer and submitted to the Local Government on form USM 241a for approval.

2. Disputes, questions, or concerns pertaining to this agreement will be resolved between the USM and the appropriate Local Government official. Space guarantee questions along with any other unresolved issues are to be directed to the Chief, Prisoner Services Division.

## ARTICLE XIII – INSPECTION

The Local Government agrees to allow periodic inspections of the facility by USMS Inspectors. Findings of the inspection will be shared with the facility administrator in order to promote improvements to facility operations, conditions of confinement, and levels of services. The mandatory minimum conditions of confinement which are to be met during the entire period of the IGA agreement are:

1. Adequate, trained jail staff will be provided 24 hours a day to supervise prisoners. Prisoners will be counted at least once on every shift, but at least twice in every 24-hour period. One of the counts must be visual to validate prisoner occupancy.

2. Jail staffing will provide full coverage of all security posts and full surveillance of inmates.

3. Jail will provide for three meals per day for prisoners. The meals must meet the nationally recommended dietary allowances published by the National Academy of Sciences.

4. Jail will provide 24-hour emergency medical care for prisoners.

| Intergovernmental Service Agreement Schedule | IGA No. J–A38–M–946 | Page No. 10 of 13 |
|---|---|---|

5. Jail will maintain an automatic smoke and fire detection and alarm system, and maintain written policies and procedures regarding fire and other safety emergency standards.

6. Jail will maintain a water supply and waste disposal program that is certified to be in compliance with applicable laws and regulations.

## ARTICLE XIV - CONFLICT OF INTEREST

Personnel and other officials connected with the agreement shall adhere to the requirements given below:

1. **Advice.** No official or employee of the recipient, a sub-recipient, or a contractor shall participate personally through decisions, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise in any proceeding, application, request for a ruling or other determination, contract, grant, cooperative agreement, claim, controversy, or other particular matter in which Department of Justice funds are used, where to his/her knowledge, he/she or his/her immediate family, partners, organization other than a public agency in which he/she is serving as an officer, director, trustee, partner, or employee, or any person or organization with whom he/she is negotiating or has any arrangement concerning prospective employment, has a financial interest, or less than an arms-length transaction.

2. **Appearance.** In the use of Department of Justice project funds, officials or employees of the recipient, a sub-recipient or a contractor, shall avoid any action which might result in, or create the appearance of:

   a. Using his or her official position for private gain;
   b. Giving preferential treatment to any person;
   c. Losing complete independence or impartiality;
   d. Making an official decision outside official channels; or
   e. Affecting adversely the confidence of the public in the integrity of the government or the program.

| Intergovernmental Service Agreement Schedule | IGA No. J-A38-M-946 | Page No. 11 of 13 |
| --- | --- | --- |

## ARTICLE XV - GUARD/TRANSPORTATION SERVICES TO MEDICAL FACILITY.

1.  The Local Government agrees, upon request of the Federal Government in whose custody a prisoner is held, to provide:

   a.  Transportation and escort guard services for federal prisoners housed at their facility to and from a medical facility for outpatient care, and

   b.  Transportation and stationary guard services for federal prisoners committed to a medical facility.

   c.  Within the first 24-hours, the Federal Government will provide the guard services.

2.  Such services will be performed by qualified law enforcement or correctional officer personnel employed by the Local Government under their policies, procedures, and practices. The Local Government agrees to augment such practices as may be requested by the USM to enhance specific requirements for security, prisoner monitoring, visitation, and contraband control.

3.  The Local Government will continue to be liable for the actions of its employees while they are transporting federal prisoners on behalf of the USMS. Further, the Local Government will also continue to provide workers' compensation to its employees while they are providing this service. It is further agreed that the local jail employees will continue to act on behalf of the Local Government in providing transportation to federal prisoners on behalf of the USMS.

4.  Furthermore, the Local Government agrees to hold harmless and indemnify the USMS and its officials in their official and individual capacities from any liability, including third-party liability or workers' compensation, arising from the conduct of the local jail employees during the course of transporting federal prisoners on behalf of the USMS.

5.  The Federal Government agrees to reimburse the Local Government at the rate stipulated on page one (1) of this agreement.

| Intergovernmental Service Agreement Schedule | IGA No. J-A38-M-946 | Page No. 12 of 13 |
| --- | --- | --- |

# ARTICLE XVI - GUARD/TRANSPORTATION SERVICES TO U.S. COURTHOUSE

1.  The Local Government agrees upon request of the USM in whose custody a prisoner is held, to provide transportation and escort guard services for federal prisoners housed at their facility, and other local facilities, to and from the U.S. Courthouse. The Local Government agrees to the following:

   a.  Transportation and escort guard services will be performed by at least two (2) armed qualified officers employed by the Local Government under their policies, procedures, and practices, and will augment such practices as may be requested by the USM to enhance specific requirements for security, prisoner monitoring, and contraband control;

   b.  Upon arrival at the courthouse, transportation and escort guards will turn federal prisoners over to Deputy U.S. Marshals only upon presentation by the deputy of proper law enforcement credentials;

   c.  The Local Government will not transport federal prisoners to any U.S. Courthouse without a specific request from the USM who will provide the prisoner's name, the U.S. Courthouse, and the date prisoner is to be transported.

2.  Each prisoner will be restrained in handcuffs, waist chains, and leg irons during transportation.

3.  Such services will be performed by qualified law enforcement or correctional officer personnel employed by the Local Government under their policies, procedures, and practices. The Local Government agrees to augment such practices as may be requested by the USM to enhance specific requirements for security, prisoner monitoring, visitation, and contraband control.

4.  The Local Government will continue to be liable for the actions of its employees while they are transporting federal prisoners on behalf of the USMS. Further, the Local Government will also continue to provide workers' compensation to its employees while they are providing this service. It is further agreed that the local jail employees will continue to act on behalf of the Local Government in providing transportation to federal prisoners on behalf of the USMS.

| Intergovernmental Service Agreement Schedule | IGA No.<br>J-A38-M-946 | Page No.<br>13 of 13 |
|---|---|---|

5.  Furthermore, the Local Government agrees to hold harmless and indemnify the USMS and its officials in their official and individual capacities from any liability, including third-party liability or workers' compensation, arising from the conduct of the local jail employees during the course of transporting federal prisoners on behalf of the USMS.

6.  The Federal Government agrees to reimburse the Local Government at the rate specified on page one (1) of this agreement.

<u>NOTICE OF ASSIGNMENT</u>

May 18, 1992                    **ACKNOWLEDGEMENT COPY**

Patricia H. Macherey, as Contracting Officer
Chief, Prisoner Operations Division
United States Marshals Service
600 Army Navy Drive, Suite 1090
Arlington, Virginia  22202

Robert T. Guiney, as Disbursing Officer
United States Marshal
Commonwealth of Massachusetts
John W. McCormack Federal Building
Post Office Square
Boston, Massachusetts 02109

Reference is made to Agreement No. J-3SU-M-946 dated April 29, 1991,
red into between Plymouth County, Massachusetts, House of Corrections and
, Obery Street, Plymouth, Massachusetts 02360 and The United States of
ica, by direction of the Director of the United States Marshals Service,
Army Navy Drive, Suite 1090, Arlington, Virginia  22202, for the detention
ersons charged with or convicted of violations of Federal law or held as
rial witnesses at the Plymouth County House of Corrections and Jail.
Moneys due or to become due under the contract described above have been
gned to the undersigned under the provisions of the Assignment of Claims
of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.
A true copy of the instrument of assignment executed by the Contractor as
ay 1, 1992, is attached to the original notice.
Payments due or to become due under this agreement should be made to the
rsigned assignee.
Please return to the undersigned the three enclosed copies of this notice
 appropriate notations showing the date and hour of receipt, and signed by
person acknowledging receipt on behalf of the addressee.

                    Very truly yours,

                    STATE STREET BANK AND TRUST COMPANY,
                         as Trustee
                    Corporate Trust Department
                    One Heritage Drive
                    North Quincy, Massachusetts  02171-2128

                    By:  _____
                         Name:  Gerald R. Wheeler
                         Title:     Vice President

ived By: _____

    Date: ___5-15-92____3:30 pm___

EXHIBIT #3

## Plymouth County Correctional Facility

### Inmate Request — LA DEMANDA DEL PRESO

Date: _3/3/05_

La fetcha: _____

To: _PCCF Superintendent_

A: _____

From: _Grant A. Bagl_

De: _____    ID#: _39273_

Unit: _A1_    Room #: _23_

La unidad: _____    El cuarto: _____

**Request:**
**La demanda:**
(Escrito en ingles) _Access to the law library has been denyed. Unde 103 CmR §478.11(3) I am requesting transportation to an institution w/ a law collection for the purpose of conducting legal research._

Inmate's signature/La firma de preso: _____

Received by: _____

### Staff Response — OFICIAL DE ESTADO MAYOR RESPONSE

Approved ☐ Aceptado    Denied ☐ Negaron

Comments or reasons for denial
Comentarios o razona para el rechazo: _I will fed a copy to_
_ADS Neri And inmate legal atty T. Hannon for_
_review_

Employee
Name/Title: _____  Date: _3/4/05_

_3/4/05 copy to ADS neri, Tom Hannon- inmate legal,_
_original to inmate_

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GRANT BOYD,<br>            Plaintiff<br><br>v.<br><br>MIKE AUSTIN, Plymouth<br>County Sheriff's Department, et. al.<br>            Defendants | CA05-10873 RWZ |

**AFFIDAVIT**

I, Cathy Lynch, Paralegal in Inmate Legal Services, do hereby depose and state the following:

1.   Inmates at Plymouth County Correctional Facility are entitled to access our services in Inmate Legal Services via Inmate Request Slips, in which they list case cites and request printed cases, or they may request other informational materials for their personal use or knowledge;

2.   Inmate Legal Services provides copies of legal materials as requested by the inmates on said Inmate Request Slips;

3.   Inmate Legal Services maintains a Daily Log that is kept in order to keep track of the services provided to the approximately 1,600 inmates that we service on a daily basis;

4.   Inmate Legal Services provided services to Inmate Grant Boyd from the time period of January 3, 2005 (date he was booked in to the facility) through March 22, 2005 (date he was transferred out of the facility).

5.   Inmate Grant Boyd constantly expressed dissatisfaction with the services provided by Inmate Legal Services.

6.   On or about March 3, 2005, I received a copy of an inmate request filed by inmate Boyd requesting a transfer to another facility as a result of his dissatisfaction with his ability to access legal material at PCCF.

7.     On or about March 5, 2005, I spoke with Deputy Superintendent Brian Gillen regarding inmate Boyd and expressed that Inmate Legal Services was providing him services but that it was clear he was dissatisfied with the overall system in place and was requesting a transfer as a result.

8.     Inmate Boyd was always polite and cooperative when making any request for services or when addressing his complaints.

9.     Below is a chronological list of services provided to Inmate Grant Boyd. For clarification, "case law" means we responded to the inmate's request to print out a specific case cite; the term "copies" means that the inmate has been provided with Xerox copies of the materials requested. Inmates may also request specific statutes (both federal and state) or Policies and Procedures for this institution, or supplies such as envelopes or certified mail receipts:

- January 14, 2005     case law
- January 18, 2005     case law (2 request slips)
- January 20, 2005     case law
- January 25, 2005     case law
- January 27, 2005     case law
- January 28, 2005     case law
- February 1, 2005     case law (3 request slips)
- February 2, 2005     case law
- February 3, 2005     case law
- February 7, 2005     copies and case law
- February 9, 2005     case law
- February 10, 2005     case law
- February 11, 2005     case law (2 request slips)
- February 15, 2005     copies and case law
- February 16, 2005     copies
- February 17, 2005     case law
- February 23, 2005     case law (2 request slips)
- February 24, 2005     case law
- February 25, 2005     case law
- February 28, 2005     case law

- March 2, 2005     case law (3 request slips)
- March 3, 2005     case law
- March 4, 2005     various Policies & Procedures; Revocation of Power of Attorney Form
- March 7, 2005     case law
- March 9, 2005     Federal Civil Rules; Federal Local Rules; Various USCA's
- March 10, 2005     MGL c. 127 Index

- March 11, 2005      Sent 4 certified mail forms and 4 copies of Legal letter
- March 14, 2005      copies
- March 18, 2005      copies
- March 21, 2005      case law

Signed under the pains and penalties of perjury, this _19_ day of October, 2006.

Cathy Lynch – Paralegal
Inmate Legal Services

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT BOYD,       ) <br>           Plaintiff     ) <br> v.                    ) <br>                      ) <br> MIKE AUSTIN, Plymouth  ) <br> County Sheriff's Department, et. al.  ) <br>            Defendants    ) | CA05-10873 RWZ |

AFFIDAVIT

    I, Attorney Thomas J. Hannon, Director of PCCF Inmate Legal Services, do hereby depose and state the following:

1.    Inmate Legal Services provided services to Inmate Grant Boyd from the time period of January 3, 2005 through March 22, 2005.

2.    Inmate Grant Boyd constantly expressed dissatisfaction with the services provided by Inmate Legal Services staff.

3.    On or about March 3, 2005, PCCF Deputy Superintendent Brian Gillen sent me a copy of an inmate request filed by inmate Boyd for my review.

4.    I interpreted the March 3, 2005 inmate request as inmate Boyd seeking a transfer to another facility as a result of his dissatisfaction with the system for inmates in protective custody to access legal research at PCCF. Inmate Boyd was in protective custody for security reasons.

5.    Following my review of inmate Boyd's March 3, 2005 request for a transfer, I spoke with Gillen and informed him that legal services was working with inmate Boyd on a regular basis to accommodate all his request for legal research but that it appear he was not going to be satisfied.

6.    I also communicated to Gillen that inmate Boyd's requests for legal research exceeded the requests of any other inmate at the time and were proving to be taxing on my staff.

Signed under the pains and penalties of perjury, this 6 day of November, 2006.

_Thomas J. Hannon Esq_
Thomas J. Hannon, Esq.

# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GRANT BOYD, <br>          Plaintiff <br><br> v. <br><br> MIKE AUSTIN, Plymouth <br> County Sheriff's Department, et. al. <br>          Defendants | ) <br> ) <br> ) <br> ) <br> )    CA05-10873 RWZ <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT

I, Brian Gillen, Deputy Superintendent at the Plymouth County Correctional Facility, do hereby depose and state the following:

1.     On March 3, 2005 I received a request from inmate Grant Boyd to transport him to another facility with greater access to a law library. Inmate Boyd's request expressed dissatisfaction with the PCCF law library.

2.     On or about March 3, 2005, I forwarded inmate Boyd's request to inmate legal services for review and comment. I was advised by inmate legal services, Director Thomas Hannon and paralegal Cathy Lynch that inmate Boyd was dissatisfied with his access to the law library from administrative segregation despite all their efforts to accommodate his requests. Lynch stated that inmate Boyd was always polite and appropriate but constantly sought greater access than PCCF polices and procedures allowed for.

3.     On or about March of 2005, prior to March 21, 2005, I contacted the USMS liaison to advise them that federal inmate Boyd was dissatisfied with the system at PCCF for inmates in protective custody to access the law library.

4.     In this conversation I indicated that inmate Boyd was classified to protective custody for his personal safety, since he was a former correction officer with the Essex County Sheriff's Department. I also advised the USMS liaison that the PCCF inmate legal services has attempted to work with inmate Boyd but despite their efforts he has requested that he be transported to another facility with greater access to a law library.

5.     Although I do not recall my exact words, I concluded the conversation with a suggestion that transferring inmate Boyd to another facility may be appropriate under the circumstances.

6.    I was not aware of any civil suit that inmate Boyd had filed against myself or any other PCCF employee at the time of my conversation with the USMS liaison.

7.    I did not contact the USMS liaison and suggest the transfer of inmate Boyd because he filed a civil action against PCSD employees. I did not request or suggest he be transport to MCI Cedar Junction. I believed that transferring inmate Boyd to another facility would further PCCF institutional convenience. I have made similar requests throughout my tenure as PCCF Deputy Superintendent.

8.    Ultimately the transfer of a federal inmate from PCCF is at the discretion of the USMS.   I can not order such a transfer, nor can any other PCCF employee.

Signed under the pains and penalties of perjury, this 2nd day of November, 2006.


_____
Brian Gillen
Deputy Superintendent

**EXHIBIT 7**

COPY

** TOTAL PAGE.02 **

*** LIMITED OFFICIAL USE ***

Page: 1

Date: 03/11/2005
Time: 16:16

UNITED STATES MARSHALS
PRISONER TRACKING SYSTEM
MAIN DISTRICT IS DIST  MASSACHUSETTS

PRISONER CALL UP LIST
09/22/2005

Institution: PLYMOUTH CORR

USMR/READY: NONE
Local Run

Type: COURT

DOB      Time   Production
                Reason  Destination

04725082          04/26/1962  09:00   TF   TO WALPOLE            A1
                      Detainers: NONE
MED *USE UNIVERSAL PRECAUTIONS*     Offense: DANGEROUS DRUGS
CMC FORMER ESSEX COUNTY                        PROBATION VIOLATION
CMC ALSO HRE IN PROTECTIVE CUSTODY, ADDED 1/12/05

18737030          06/13/1961  09:30   W3   PS1 - LOMBARDI X4423   DN3
                      Detainers: NONE
ME0743                      Offense: ROBBERY-BANKING INSTITUT.
DRG OPIATE USE                         ROBBERY-BANKING INSTITUT.

01043017          08/26/1964  10:00   WU   PUSKISTILLO X3267      BS1
01/26/1964             Detainers: NONE
MED RIGHT LEG INJURY,                  Offense:
RPT GRADY ALL INJURIES RESTRICTIVE PER PUSKISTILLO

22176030          10/22/1975  1:00    WR   COLLINGS              DN3
                      Detainers: YES
CAP CASTLEGATE GANG MEMBER, ROXBURY, MA  Offense: WEAPON OFFENSE
RPT TATTOO, ARM LEG

25036030          07/15/1959  14:30   CD   TINDSAY              DN.1
                      Detainers: NONE
MED BAD CIRCULATION IN LEGS            Offense: HEROIN - SELL
MED MULTIPLE PRESCRIPTIONS MEDICINE, PERCACET
MED BLOOD & FLUID PRECAUTIONS
MED ***UNIVERSAL PRECAUTIONS***

25173030          01/05/1981  14:20   FH   LINDSAY (WSRN)        E3
                      Detainers: NONE
                      Offense: WEAPON OFFENSE

*** LIMITED OFFICIAL USE ***

## EXHIBIT *8*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GRANT BOYD, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CA05-10873 RWZ |
| MIKE AUSTIN, Plymouth | ) | |
| County Sheriff's Department, et. al. | ) | |
| Defendants | ) | |
| | ) | |

### AFFIDAVIT

I, Robert Lawton, Transportation Supervisor at the Plymouth County Correctional Facility, do hereby depose and state the following:

1.    On March 21, 2005, the Transportation Department received a fax of the court list for March 22, 2005. That list ordered the PCCF to transport Grant Boyd to The US District Court House on the morning of March 22, 2005.

2.    The PCCF Transportation Department receives "call up lists" from the United States Marshall Services (USMS) on a regular basis indicating when a federal inmate housed at PCCF requires transportation to the US District Court House for a scheduled court appearance or for a transfer to another facility.

3.    The USMS arranges for the transport of the federal inmate from the US District Court House to a new facility.

4.    The USMS does not provide PCCF with a reason for the request.

5.    On March 22, 2005, inmate Grant Boyd was transported to the US District Court House and did not return to PCCF custody by order of the USMS.


Signed under the pains and penalties of perjury, this *19* day of October, 2006.


ADS Robert Lawton

# EXHIBIT 9

### COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH CIVIL ACTION NO.**

*PLCV2005-00310-B*
*Grant Boyd*
*PO 180278*
*Boston Ma 02118-0278*

_Grant Boyd_..........., Plaintiff(s)

vs.

_Mike Austin_..........., Defendant(s)

_9_

### SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon ....._Grant Boyd_...... plaintiff attorney, whose address is ...._20 Long Pond RD, A1, Plymouth Ma 02360_...., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff     attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff     which arises out of the transaction or occurrence that is the subject matter of the plaintiff     claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...................................day of

...................................., in the year of our Lord Two thousand and .................... .

_Frank R. Powers_
CLERK.

### NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. **To the plaintiff's attorney:** please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......_6/2/05_............., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant     , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):.................................................................

_Certified Return Receipt # 70042882000209706219_.........

.................................................................

Dated: ................, 200 .......... _Grant Boyd pro-se_

**N.B.     TO PROCESS SERVER:-**
PLEASE PLACE DATE YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX <u>ON THE</u>
<u>ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

| 200 |
|---|

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

Grant Boyd ........., Plaintiff(s)

vs.

Brian Gillen ........., Defendant(s)

PLCV 2005-00310-B
grant Boyd
Po 180278
Boston ma 02118-0278

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon ...Grant Boyd... plaintiff attorney, whose address is ...180 long Pond RD, A1, Plymouth ma 02360... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff        which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...................................day of

...................................., in the year of our Lord Two thousand and .................... .

CLERK ...Frank R. Powers...

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...4/2/05..., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5): ...............................................................

Certified Return Receipt # 7004 2890 0002 0970 6233 ...............................................

...............................................................

Dated:          , 200 .......... ...Grant Boyd Pro-SE...

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| 200 |

attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth. you must also appear personally in court to answer the complaint, but if you claim to have a defense, either you or your

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

*Grant Boyd* ....................., Plaintiff(s)

vs.

*John Doe (1) / Richard Cardinal* ....................., Defendant(s)

PLCV2005-00310-B
Grant Boyd
PO 180278
Boston Ma 02118-0278

### SUMMONS

To the above-named defendant:

     You are hereby summoned and required to serve upon ...*Grant Boyd*... plaintiff attorney, whose address is *24 Long Pond Rd, A1, Plymouth Ma 02360*..., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff   attorney or within a reasonable time thereafter.

     Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject matter of the plaintiff   claim or you will thereafter be barred from making such claim in any other action.

     Witness, Barbara J. Rouse Esquire, at Plymouth the ....................................day of

..................................., in the year of our Lord Two thousand and ................... .

CLERK *Frank R. Powers*

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...*4/3/06*..., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant   , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):...

*Certified Return Receipt # 70042890000209786264*

Dated:      , 200      *Grant Boyd, Pro-Se*

N.B.    TO PROCESS SERVER:-
     PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

200

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

PLCV2005- 00310-B
grant Boyd
Po Box 180278
Boston ma 02118-0278

Grant Boyd ..........., Plaintiff(s)

vs.

John Doe (2) ..........., Defendant(s)

<u>SUMMONS</u>

To the above-named defendant:

You are hereby summoned and required to serve upon Grant Boyd ........... plaintiff
attorney, whose address is ~~Victory Pond 80 Rt, Plymouth ma 02782,~~ an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
court at Plymouth either before service upon plaintiff      attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff         which arises out of the transaction or occurrence that is the subject
matter of the plaintiff      claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ....................................................day of

............................................, in the year of our Lord Two thousand and ...................... .

Fanal R. Powers
CLERK

<u>NOTES</u>
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
       If a separate summons is used for each defendant, each should be addressed to the particular
       defendant.
3.    <u>To the plaintiff's attorney:</u> please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
       Equitable Relief-(Other)

<u>PROOF OF SERVICE OF PROCESS</u>
I hereby certify and return that on ........ 4/2/05 ...................., 200 , I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant      , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5)):...........................................................................
Certified Return Recpt 700428900000209706271 Mailed
to Robert Harnais - Sheriff Dept Counsel

Dated: ........... , 200 .................. Grant Boyd pro-se

<u>N.B.</u>    <u>TO PROCESS SERVER:-</u>
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE</u>
<u>ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  |
|---|
| 200 |

<u>NOTICE TO DEFENDANT</u>-You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

PLCV2005-00310-B

_Grant Boyd_, Plaintiff(s)

vs.

_Cathy Lynch_, Defendant(s)

grant Boyd
PO 180278
Boston ma 02118-0278

### SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon _Grant Boyd_ plaintiff attorney, whose address is 2 Arbury Road, 8th flr, Plymouth Ma 02360, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...................................................day of

................................................., in the year of our Lord Two thousand and ..................... .

CLERK. _Frank R. Powers_

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........ 6/2/05 ......., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):...........................................................

Certified Return Receipt # 70042890 0002 09706240

.................................................................................................................

Dated: , 200 .........._Grant Boyd  Pro-se_...............

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| 200 |
|---|

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

Grant Boyd ............., Plaintiff(s)

PLCV2005-00310-B
grant Boyd
PO 180278
Boston Ma 02118-0278

vs.

Michael Neri ............., Defendant(s)

## SUMMONS

To the above-named defendant:

   You are hereby summoned and required to serve upon Grant Boyd plaintiff
attorney, whose address is 26 Long Lane P.O. M. Plymouth Ma 02360 an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
court at Plymouth either before service upon plaintiff      attorney or within a reasonable time thereafter.

   Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff        which arises out of the transaction or occurrence that is the subject
matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

   Witness, Barbara J. Rouse Esquire, at Plymouth the ....................................................day of

...................................................., in the year of our Lord Two thousand and ..................... .

CLERK.

NOTES
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
      If a separate summons is used for each defendant, each should be addressed to the particular
      defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
      Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .........4/2/05.............., 200 , I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5):.......................................................................................

Certified Return Receipt # 7004 2890 0002 0970 6226

.................................................................................................................................................................

Dated: ............., 200 ......................... Grant Boyd Pro-se .........................

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| 200 |
|---|

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

PLCV2005-00310-B

grAnt Boyd
PO 180278
Boston Ma 02118-
0278

*Grant Boyd*................., Plaintiff(s)

vs.

*Thomas Hannon*
~~John    Doe (s)~~................., Defendant(s)

NOTICE TO DEFENDANT-You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

### SUMMONS

To the above-named defendant:

　　　You are hereby summoned and required to serve upon *Grant Boyd* plaintiff attorney, whose address is ~~36 Long view Rd, at, Plymouth Ma 02360~~, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

　　　Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

　　　Witness, Barbara J. Rouse Esquire, at Plymouth the ...................................................day of

...................................................., in the year of our Lord Two thousand and ..................... .

CLERK. *Frank R. Powers*

NOTES
1.　This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.　When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.　To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on *4/2/05*..................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner (See Mass. R. Civ. P. 4(d)(1-5):.................................................................................................

CEertified Return Receipt # 70042890 00002 0970 6257

.........................................................................................................................................

Dated:..............., 200 ................... *Grant Boyd, Pro-se*

N.B.　　TO PROCESS SERVER:-
　　　PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| 200 |

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

*PLCV2005-00310-B*

*grant Boyd*
*Po 180278*
*Boston Ma. 02118-*
*0278*

*Grant Boyd*................., Plaintiff(s)

vs.

*Thomas Hannon*
~~John Doe(s)~~..............., Defendant(s)

### SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon *Grant Boyd* plaintiff attorney, whose address is ~~316 Long Pond Rd. #1, Plymouth Ma 02360~~, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff      which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ..................................................day of

..........................................................., in the year of our Lord Two thousand and ..................... .

CLERK. *Frank R. Powers*

#### NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

#### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on *4/2/05* ..........................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant      , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):...........................................................

*Certified Return Receipt # 700428*

Dated: .................., 200 ......................

*Diane—*
*Tom Hannon rec'd*
*this today (4-14-05)*
*Via regular first-class*
*mail*
*For your records...*
*(typed)*

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON ORIGINAL AND ON COPY SERVED ON DEFENDANT.

*NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.*

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

PLCV2005-00310-B

Grant Boyd
PO Box 180278
Boston ma 02118-0278

Grant Boyd........., Plaintiff(s)

vs.

John Doe (3).........., Defendant(s)

SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon Grant Boyd.............. plaintiff attorney, whose address is 2 cherry Road PO At, Plymouth Ma 02360, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff        which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...................................................day of

................................., in the year of our Lord Two thousand and ..................... .

CLERK  Frank R. Forrers

NOTES
1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.   To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .............................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5)):.................................................................................

Certified Return Receipt # 70042890000209206295

Mailed to Robert Harris Sheriff DEPt Cauns el

Dated:          , 200                        Grant Boyd PO-SE

N.B.     TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

200

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO.

Grant Boyd ......., Plaintiff(s)

vs.

Joseph Mac Donald ......., Defendant(s)

PLCV 2005-00310-B
grAnt Boyd
PO Box 180278
Boston ma 02118-0278

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon Grant Boyd ........ plaintiff attorney, whose address is ~~Water~~ ~~Pace~~ ~~C.O.A.~~ ~~Plymouth~~ ~~Ma~~ ~~02360~~ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff      attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff      which arises out of the transaction or occurrence that is the subject matter of the plaintiff      claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ....................................day of

...................................., in the year of our Lord Two thousand and ..................... .

CLERK: Frank R. Powers

NOTES
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on 4/2/05 , 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant      , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):.................................................................................
CERtiFiED Return Receipt # 7004 2890 0002 0970 6288

Dated:          , 200 ....... _____ Grant Boyd pro-se

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |  |
| --- | --- |
|  | 200 |

*(left margin, vertical text):* attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth, but if you claim to have a defense, either you or your ... the complaint.

**EXHIBIT 10**

Sheriff Joseph MacDonald

26 Long Pond Road

Plymouth Ma 02360

3/21/05

RECEIVED
3/22/05
62

RE: Docket # PLVC 2005-00310-B

Boyd V. Austin et al

Sheriff MacDonald:

I will be serving process on all Named Defendants on Thursday March 24, 2005 and would like to give you a Chance to avoid having to Serve Defendants at the State DOC and U.S. Marshals Services whereby allowing you to Avoid PCCF Contract Compliance issues.

I made a Similar offer to both Michael Nerd and Brian Grillen but took the time to point out the Violations of U.S. Constitutional Protections that were occuring, Suggested a way to avoid legal action while providing you a Political Win. However I was ignored.

In 2004 I was responsible for a Very Large Federal Contract with Lockheed Martin And the E.P.A., I know that the issues I plan to raise will bring Your Contract Under Fire. A Complete Contract

(1 of 2)

Compliance review Compelled by a legal Action is never beneficial.

Being faced with last years budget issues a to Law Suit that brings your Contract under review and Press coverage is not helpful. Additionally, with the Negative Press DOC Commissioner Kathleen Donnely has been receiving I am sure my law Suit will not be a welcome gift from Plymouth County.

I will give you till Wednesday night to respond to my offer to meet before serving process on Thursday

I hope We can resolve these issues before the Process takes a life of its own.

Respectfully,



Grant A. Boyd #39233          3/21/05
PCCF-A1
26 Long Pond Rd
Plymouth Ma 02360

(2 of 2)

**EXHIBIT 14**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GRANT BOYD, ) | |
| Plaintiff ) | |
| v. ) | CA05-10873 RWZ |
| MIKE AUSTIN, Plymouth ) | |
| County Sheriff's Department, et. al. ) | |
| Defendants ) | |

AFFIDAVIT

I, Frank Ramos, Assistant Deputy Superintendent at the Plymouth County Correctional Facility, do hereby depose and state the following:

1.    I am assigned to supervise the kitchen and property units of the PCCF.

2.    Although I am not responsible for inmate grievances, I do have occasion to discuss and deal with food related grievances and complaints.

3.    I do not recall Inmate Grant Boyd and have no record of any meeting or conversation I had with him regarding an inmate grievance.

4.    I do not recall ever reporting an inmate grievance to ADS Neri, Deputy Superintendent Brian Gillen, or Sheriff Joseph McDonald.

5.    I have never been involved in any discuss to transfer a federal inmate from PCCF and have never requested such a transfer.

Signed under the pains and penalties of perjury, this 30th day of October, 2006.

Frank Ramos

**EXHIBIT 12**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT BOYD,<br>          Plaintiff<br><br>v.<br><br>MIKE AUSTIN, Plymouth<br>County Sheriff's Department, et. al.<br>          Defendants | )<br>)<br>)<br>)<br>)    CA05-10873 RWZ<br>)<br>)<br>)<br>) |

### AFFIDAVIT

I, Michael Neri, Assistant Deputy Superintendent at the Plymouth County Correctional Facility, do hereby depose and state the following:

1.    I have never contacted the USMS or MCI Cedar Junction regarding former PCCF federal inmate Grant Boyd.

2.    I was never involved in any conversations with any other PCCF employee regarding the transfer of inmate Boyd from PCCF to another facility.

Signed under the pains and penalties of perjury, this 19th day of October, 2006.

_Michael Neri_
ADS Michael Neri

**EXHIBIT 13**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT BOYD, ) | |
| Plaintiff ) | |
| v. ) | CA05-10873 RWZ |
| ) | |
| MIKE AUSTIN, Plymouth ) | |
| County Sheriff's Department, et. al. ) | |
| Defendants ) | |

AFFIDAVIT

      I, Joseph D. McDonald, Jr., Plymouth County Sheriff, do hereby depose and state the following:

      1.    I have never contacted the USMS or MCI Cedar Junction regarding former PCCF federal inmate Grant Boyd.

      2.    I did not order the transfer of Grant Boyd from PCCF to another facility.

      3.    I was never involved in any conversation regarding the transfer of Grant Boyd from PCCF to another facility.

      4.    I routinely forward any correspondence I receive from an inmate regarding a legal complaint or civil action to the department counsel.

Signed under the pains and penalties of perjury, this 19th day of October, 2006.

Joseph D. McDonald, Jr.